452 So.2d 61 (1984)
The ISLAMORADA BANK, Appellant,
v.
Francisco R. RODRIGUEZ, Appellee.
No. 83-2633.
District Court of Appeal of Florida, Third District.
May 22, 1984.
Rehearing Denied July 3, 1984.
*62 Larson and Jones and Gustave W. Larson, Miami Shores, for appellant.
Britton, Cohen, Cassel, Kaufman & Schantz and J.T. Haley, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
Islamorada Bank appeals the denial of its motion to vacate an order which permitted redemption of property after the foreclosure sale of the property. We reverse.
Coral Gables Federal Savings and Loan Association filed a foreclosure action naming, among others, Islamorada Bank and Miami National Bank as party defendants. Coral Gables Federal held a first mortgage on the subject property on which Islamorada held a second mortgage and Miami National held a third mortgage. Coral Gables Federal assigned its mortgage to Strokmor, Inc., which was substituted as party plaintiff. Strokmor then filed a motion for final summary judgment. After notice and hearing, summary judgment of foreclosure was entered in favor of Strokmor in the amount of $85,530.14. The judgment also declared Islamorada held a superior lien to all other defendants and had a first priority claim to surplus proceeds of the sale up to $11,117.72, the amount of its lien. At the foreclosure sale, Islamorada was the highest bidder at $114,000.
Subsequently, Miami National assigned its rights under its third mortgage to Rodriguez. After the foreclosure sale but before the clerk issued the certificate of title, the court entered an order permitting redemption in favor of Rodriguez and substituting him as a party defendant/cross-plaintiff in place of Miami National. Rodriguez was permitted to redeem the property by paying the amount of the *63 judgment in favor of Strokmor. Islamorada moved the court to vacate its order permitting redemption, which motion was denied. This appeal followed.
We must first determine what rights of redemption are held by a junior mortgagee. The supreme court has indicated that "the only absolute right of a junior mortgagee is the right to redeem from the senior mortgage." Quinn Plumbing Co. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690, 692 (1930). The phrase "right of redemption," however, takes on different meanings depending upon whether it is being used in relation to a mortgagor or a mortgagee.
When it is used with respect to a mortgagor, it refers to his right, prior to being foreclosed from that right, to satisfy the mortgage indebtedness which encumbers his property. When the phrase is used with reference to a junior mortgagee, as in the case sub judice, it refers to his right to satisfy a prior mortgage by payment of the debt it secures and thereby become equitably subrogated to all rights of the prior mortgagee. (citation omitted)
Shipp Corp. v. Charpilloz, 414 So.2d 1122, 1123 (Fla. 2d DCA 1982). Accord Glendale Federal Savings and Loan Ass'n v. Guadagnino, 434 So.2d 54 (Fla. 4th DCA 1983). The junior mortgagee's right of redemption applies to the rights of the senior mortgagees and not to the underlying real property. Shipp. It is apparent, therefore, that the court below improperly allowed Rodriguez, an assignee of the rights of a junior mortgagee, to redeem the property.
We next must determine whether Rodriguez' right to redeem as a junior mortgagee was extinguished at the time of the trial court's entry of final summary judgment in favor of Strokmor. The supreme court has held that when a first mortgage has been foreclosed, the decree is valid as to those who were joined as parties. Quinn. A junior mortgagee who is made a party to a foreclosure action brought by a senior mortgagee has his rights determined by the entry of the final judgment. Glendale; Shipp. These rules would apply to Rodriguez, as the assignee of Miami National, a junior mortgagee made a party defendant to the foreclosure action.
Rodriguez, however, relies upon the applicable statute which provides that "when a person has an equity of redemption, ... the person may redeem the property at any time before the sale." § 45.031(1), Fla. Stat. (1983). This statute has been construed to mean that redemption can be made up until the time the certificate of title is issued in accordance with section 45.031(3). Allstate Mortgage Corp. of Florida v. Strasser, 277 So.2d 843 (Fla. 3d DCA), aff'd, 286 So.2d 201 (Fla. 1973). In Allstate Mortgage, however, we held that section 45.031 must be strictly construed and will not be interpreted to displace the common law further than is clearly necessary. Accordingly, we find that because the statute refers to redemption of the "property," and a mortgagee's right of redemption does not apply to the underlying real property, Shipp, the term "person" in the statute must be construed to mean mortgagor. This interpretation is consistent with decisions of this and other courts. Compare Allstate Mortgage (the mortgagor redeemed her property after foreclosure sale but before issuance of certificate of title) and Roy v. Matheson, 263 So.2d 604 (Fla. 4th DCA 1972) (same) with Glendale (the mortgagee not permitted to redeem after entry of summary judgment and sale) and Shipp (same).
We find that any equity of redemption belonging to Rodriguez as the assignee of Miami National, was extinguished when the trial court entered a final summary judgment in favor of Strokmor. Rodriguez, as the holder of a mortgagee's interest, never had a right to redeem the property. See Shipp. Further, any purported attempt to redeem the senior mortgage by Rodriguez was untimely. See Glendale. The trial court, therefore, erred in setting aside the foreclosure sale and permitting Rodriguez to redeem the property.
*64 We accordingly reverse and remand for proceedings consistent herewith.