470 So.2d 752 (1985)
LAWYERS PROFESSIONAL LIABILITY INSURANCE COMPANY and Andrew M. Tobin, Appellants,
v.
Hazel McKENZIE, Appellee.
No. 84-1702.
District Court of Appeal of Florida, Third District.
May 28, 1985.
Rehearing Denied July 1, 1985.
Vernis & Bowling and Richard H.W. Maloy, Miami, for appellants.
Leesfield & Blackburn and Joseph A. Glick, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
PER CURIAM.
The Lawyers Professional Liability Insurance Co. and Andrew M. Tobin appeal from a final judgment entered upon a jury verdict awarding damages to appellee in this legal malpractice action. We reverse.
Appellee Hazel McKenzie hired appellant Tobin to foreclose on property on which she held the mortgage and note. Appellant did all of the relevant preparatory work and eventually obtained a final summary judgment against the mortgagor. The summary judgment ordered a judicial sale of the property to be held on May 14, 1981. Mrs. McKenzie had a credit for her existing judgment and also borrowed some additional funds so that she would have enough money, it was hoped, to be the highest bidder on the property at the judicial sale. Mrs. McKenzie had been negotiating with a prospective purchaser of the property but she did not have a contract for sale nor, in fact, had the parties settled on a price term.
*753 At the judicial sale, wherein appellee was the highest bidder, appellant realized that the legal description of the property was incorrect. The description had been taken from the final summary judgment which he had prepared for the court. After the sale appellant immediately notified appellee and counsel for the mortgagor of the error. He also filed a motion with the trial court to correct the order of summary judgment and the clerk's certificate of title. On May 26, 1981, twelve days after the judicial sale, the mortgagor moved to set aside the judicial sale on the basis of the incorrect legal description of the property. This motion was granted and a second judicial sale was set for July 7, 1981. Before the second judicial sale the mortgagor was able to obtain a purchaser for the property and thereafter satisfied in full appellee's judgment against him. Thus, appellee received all monies, costs, and fees due to her under the note. In addition, appellant, who has at all times acknowledged his error, paid the interest charges on the money appellee borrowed before the judicial sale. Mrs. McKenzie later sued appellant Tobin for legal malpractice. The jury returned a verdict in favor of appellee and awarded her $55,000.
In order to prevail in her cause Mrs. McKenzie had to prove: 1). that she hired appellant in fact for the specific purpose of getting back the property and not merely recovering the money owed; 2). that appellant neglected a reasonable duty by preparing an incorrect legal description (conceded); 3). that appellant's negligence was a proximate cause of Mrs. McKenzie's injury; that is, that the mortgagor could not have redeemed the property before the clerk's certificate of title was issued to Mrs. McKenzie. Because two of these issues either were not or could not be proved, the jury had to speculate on possible outcomes in order to reach its verdict.
Issues one and three can be resolved by reference to section 45.031, Florida Statutes (1983). Section 45.031(1) outlines the procedure of a judicial sale and specifically states that the property may be redeemed at any time before the sale. Section 45.031(2) recites the form of the clerk's certificate of sale which is issued following the sale to the person who was the highest and best bidder for cash. Section 45.031(3) provides a ten day period following a judicial sale within which to file objections to the sale. If no objections are filed within the ten day period then the clerk issues a certificate of title to the person who holds the certificate of sale. Then, and only then, does the highest bidder actually obtain ownership of the property. Therefore, no attorney can guarantee that a mortgagee who forecloses on property actually will get the property. The mortgagor can redeem the property at any time until the certificate of title is issued, Islamorada Bank v. Rodriguez, 452 So.2d 61 (Fla. 3d DCA 1984); Cooper Smith Properties, Ltd. v. Flower's Baking Co., 432 So.2d 683 (Fla. 5th DCA), rev. dismissed sub nom Coble v. Cooper Smith Properties, Ltd., 438 So.2d 831 (Fla. 1983), or someone else could be the highest bidder at the judicial sale.
The second issue that appellee had to prove was that but for the error in the legal description which gave the mortgagor more time to locate a buyer for the property, the mortgagor could not have redeemed the property within the ten day period following the first judicial sale. It is undisputed that he did not redeem the property before the sale and that he made no effort to redeem it after the sale. Here, however, the mortgagor knew immediately that there was a problem with the legal description which would require that the sale be set aside and a new judicial sale scheduled. Therefore, he was under no obligation to redeem within the ten day period allowed by section 45.031(3). The mortgagor was not called to testify at trial about his financial ability to redeem the property during those ten days. The only testimony on whether the mortgagor could have redeemed, but for the error, came from his attorney. We do not find the attorney's beliefs and assumptions about the mortgagor's inability to redeem the property within the ten day period following the judicial *754 sale to be dispositive of this issue. This testimony was based on hearsay and it was restricted by the on-going attorney-client relationship. Without testimony stating categorically that the mortgagor was unable to redeem the property at that time, the jury was forced to assume that he wasn't able to redeem it, thus assuming that the injury to Mrs. McKenzie was caused by appellant's negligence.
We find that the attorney, though negligent, did in fact do what he was employed to do. He foreclosed on the mortgage and appellee received all that she was entitled to under the terms of the instrument. She did not prove that appellant's negligence was a proximate cause of her failure to get the property back. Therefore, the final judgment is reversed.
Reversed.