471 So.2d 589 (1985)
Barbara R. BROWN, Appellant,
v.
MIRROR INVESTMENT CORP. a Florida corporation, Appellee.
No. 84-2158.
District Court of Appeal of Florida, Fourth District.
June 12, 1985.
On Rehearing July 15, 1985.
*590 Michael J. Fingar, Miami, for appellant.
Barton S. Strock of London & Strock, P.A., Hollywood, for appellee.
DOWNEY, Judge.
Appellant has perfected this non-final appeal from an order that overruled appellant's objections to a judicial sale and denied appellant's motion to vacate final judgment of foreclosure.
Appellant owned a single family residence in Broward County that was subject to five mortgages. Appellee, the second mortgagee, sued to foreclose its delinquent mortgage resulting in a summary final judgment of foreclosure, the total judgment amounting to $45,151.22. Appellee bid the property in at public sale for $100. Appellant filed objections to the sale, together with a motion for relief from the summary judgment and a motion to vacate said summary judgment. The primary thrust of the objection is that counsel for appellee advised counsel for appellant that he was going to bid the full amount of all of the inferior mortgages at the sale so appellant need not be further concerned about the obligations represented by said mortgages. Based upon that assurance, appellant alleges she advised potentially interested bidders not to bid and offered no bid herself. It is further alleged that appellee's counsel admittedly reneged on that assurance and bid in the property for only $100.
A hearing was scheduled on said objections and motions; however, after listening to an opening statement of sorts regarding appellant's contentions, the trial judge refused to hear any evidence in support thereof because he felt appellant's legal position would not be sufficient to prove grounds for setting aside the sale.
Without in any way indicating that appellant is entitled to prevail on said objections, it appears to us that under the circumstances she was, at least, entitled to an evidentiary hearing. If the proof adduced therein convinces the court that appellee's counsel misled other interested bidders so as to have a chilling effect on the bidding at sale, that, in conjunction with the bid of $100 on property valued in excess of $80,000, would well justify requiring a new sale. Numerous cases have acknowledged the rule that a grossly inadequate price that results from mistake, fraud, accident, surprise, misconduct, or irregularity on the part of the purchaser or other person connected with the sale resulting in an injustice to the complaining party is grounds for setting aside a judicial sale. VanDelinder v. Albion Realty & Mortgage, Inc., 287 So.2d 352 (Fla. 3d DCA 1973).
Accordingly, the order overruling appellant's objections to the sale is reversed and the cause remanded with directions to hold an evidentiary hearing on appellant's objections and for such further proceedings as the court deems appropriate.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD, C.J., and WALDEN, J., concur.
BY ORDER OF THE COURT:
ORDERED that appellant's motion for clarification is granted. The opinion filed June 12, 1985, specifically held that the trial court hearing upon appellant's objections to the sale and other motions directed to the summary judgment was inadequate because the trial court refused to allow appellant to adduce evidence in support of the allegations contained in the objections and motions. In the final paragraph reversing for an evidentiary hearing, we inadvertently mentioned only the objections. We intended that the hearing would also *591 consider the motions that were presented simultaneously with the objections.