526 So.2d 136 (1988)
PHOTOMAGIC INDUSTRIES, INC., Michael J. Osman, Photomagic International, Inc., Norman Osman, Phyllis J. Osman, Martin Osman and Ellen Osman, Appellants,
v.
BROWARD BANK, Appellee.
Nos. 87-500, 87-502.
District Court of Appeal of Florida, Third District.
May 10, 1988.
Rehearing Denied June 30, 1988.
Hall & O'Brien and Andrew C. Hall, Miami, for appellants.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Malcolm H. Friedman, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
HENDRY, Judge.
This consolidated appeal from non-final orders, which denied relief from a final judgment of foreclosure in favor of (and judicial sale to) Broward Bank and directed the entry of a certificate of title, was filed by Photomagic Industries, Inc., a Florida corporation; Michael J. Osman; Photomagic International, Inc., a Florida corporation; Norman Osman; Phyllis J. Osman; Martin Osman; and Ellen Osman.
In 1982, Broward Bank loaned $150,000 to Michael Osman and Photomagic Industries, which was owned by Michael's brother, Martin Osman. The loan was evidenced by a promissory note and secured by a mortgage on residential real property owned by Michael. Guarantees were executed by Michael, Photomagic International, Martin Osman and his wife, Ellen, among others.
In May 1986, the bank filed a notice of lis pendens and a complaint for mortgage foreclosure relative to the real property based on nonpayment of installments on a renewal note executed by Photomagic, which then had a principal balance of approximately $55,000. The appellants admitted the allegations of the complaint. Final summary judgment of foreclosure was entered, the court finding that Broward Bank was due the sum of $64,926.65 for *137 principal, interest, costs and attorney's fees. A judicial sale of the real property was ordered for October 17, 1986.
The judgment also provided that notwithstanding the foreclosure against the real property, the bank was entitled to judgment against the guarantors for the full amount of its claim, "for which let execution issue, subject to a set-off for the greater of the sum which is bid at foreclosure sale for the real property... or its fair market value as established by this court." Broward Bank bid a nominal sum of $300 and was issued a certificate of sale. Photomagic filed an objection to certificate of sale, arguing it was in derogation of redemption rights of defendants according to an alleged oral agreement with the bank to allow them to purchase and redeem the property prior to the sale thereof, for the amount of the foreclosure judgment. Guarantors Martin and Ellen Osman, claiming the right of subrogation by assignment of the judgment, tendered the full amount of the judgment to Broward Bank on November 11, 1986. Refusing to recognize the Osmans' right to subrogate, the bank moved for issuance of certificate of title.
The court granted the bank's motion for issuance of certificate of title, denied the guarantors' motion to substitute parties and set a supersedeas bond of $75,000. The orders under review were entered on January 30, 1987. These interlocutory appeals followed.
The trial court neither committed reversible error nor abused its discretion in entering the orders appealed. Where it was established at the January 29, 1987 hearing that the fair market value of the real property (against which the guarantors' exposure was to be set-off) exceeded the amount of the debt, the guarantors were never in a position of jeopardy and therefore were not entitled to subrogation. See Gottschamer v. August, Thompson, Sherr, Clark & Shafer, P.C., 438 So.2d 408 (Fla. 2d DCA 1983).
By paying without any legal requirement to do so, the guarantors were mere volunteers and the court therefore correctly held there was no right of subrogation. Boley v. Daniel, 72 Fla. 121, 72 So. 644 (1916); Eastern Nat'l Bank v. Glendale Federal Savings & Loan Ass'n, 508 So.2d 1323 (Fla. 3d DCA 1987); DeCespedes v. Prudence Mutual Casualty Co. of Chicago, Ill., 193 So.2d 224 (Fla. 3d DCA 1966), aff'd, 202 So.2d 561 (Fla. 1967); Furlong v. Leybourne, 138 So.2d 352, 356 n. 4 (Fla. 3d DCA 1962). In Florida the law is clear, a guarantor is allowed to pursue the primary debtor only when the guarantor is required to pay that debtor's obligation. See North v. Albee, 20 So.2d 682 (Fla. 1945); Fortenberry v. Mandell, 271 So.2d 170 (Fla. 4th DCA 1972), cert. discharged, 290 So.2d 3 (Fla. 1974); Allstate Life Ins. Co. v. Weldon, 213 So.2d 15 (Fla. 3d DCA 1968). While section 46.041, Florida Statutes (1985), allows guarantors to be joined in an action against the maker of a negotiable instrument, subsection (3) does not allow a guarantor to control the direction of the litigation or plaintiff's rights by tendering money where the debt is going to be satisfied from another source.
Nor could the trial court admit evidence or consider the effect of the purported prior agreement of counsel at the January 29 hearing where the appellants failed to present any supportive evidence  after having requested the special appointment. The record shows that appellees were prepared to go forward with proof on this issue but appellants declined. Therefore, the matter was not preserved for appellate review. Lineberger v. Domino Canning Co., 68 So.2d 357 (Fla. 1953).
The appellants' cited case of Brown v. Mirror Inv. Corp., 471 So.2d 589 (Fla. 4th DCA 1985) is inapplicable. In Brown, the trial court was reversed when it overruled objections to a judicial sale and refused to hear any evidence to support the mortgagor's position. Here, appellants failed to petition for cancellation of the ordered judicial sale of the property. Nor did the appellants exercise their right of redemption even though that right continued for ten days following the actual sale, Allstate Mortgage Corp. of Fla. v. Strasser, 277 So.2d 843 (Fla. 3d DCA), aff'd, 286 So.2d 201 (Fla. 1973), until the issuance of a certificate *138 of title. Lawyers Professional Liability Ins. Co. v. McKenzie, 470 So.2d 752 (Fla. 3d DCA 1985); Islamorada Bank v. Rodriguez, 452 So.2d 61 (Fla. 3d DCA 1984); Cooper Smith Properties, Ltd. v. Flower's Baking Co. of Fla., 432 So.2d 683 (Fla. 5th DCA), review dismissed sub nom. Coble v. Cooper Smith Properties, Ltd., 438 So.2d 831 (Fla. 1983). "The failure of a party to take the required steps necessary to protect its own interests, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties." John Crescent, Inc. v. Schwartz, 382 So.2d 383, 385 (Fla. 4th DCA), cert. denied, 389 So.2d 1113 (Fla. 1980), mandamus granted, John Crescent, Inc. v. Peterson, 401 So.2d 1150 (Fla. 4th DCA 1981), review denied, 412 So.2d 469 (Fla. 1982).
Accordingly, the orders appealed from are affirmed.
Affirmed.