ORFINGER, J.
Marcus Burton appeals his convictions of attempted second-degree murder, aggravated assault and shooting at or into a vehicle. Burton challenges his attempted second-degree murder conviction based on the trial court’s un-objected use of Standard Jury Instruction (Criminal) 6.6 to instruct on the lesser-included offense of attempted voluntary manslaughter. We agree that the instruction was fundamentally flawed and reverse for a new trial as to that charge. We affirm Burton’s convictions for aggravated assault and shooting at or into an occupied vehicle without further comment.
In State v. Montgomery, 39 So.3d 252 (Fla.2010), approving Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), the supreme court held that the standard jury instruction for manslaughter by act was fundamentally erroneous because it required the State to prove that the defendant “intentionally caused the death” of the victim, although the intent to kill is not an element of manslaughter. 39 So.3d at 256. Because the instruction required the jury to find that the defendant intended to kill the victim in order to convict of the lesser offense of voluntary manslaughter by act, the court reasoned that the defendant was deprived of the jury’s full consideration of the category 1 lesser offense.
Since Montgomery, the First and Fourth District Courts of Appeal have considered whether its holding is equally applicable to the jury instruction for the *789 offense of attempted manslaughter by act and in doing so, reached opposite results. In Lamb v. State, 18 So.3d 734 (Fla. 1st DCA 2009), the First District, citing Montgomery, answered this question in the affirmative. See also Rushing v. State, — So.3d -, - (Fla. 1st DCA 2010) (holding standard jury instruction for attempted voluntary manslaughter “suffers from the very same infirmities as the instruction in Montgomery ”).[1] Conversely, the Fourth District, in Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010), ruled otherwise and certified conflict with Lamb.
Having considered the supreme court’s holding in Montgomery, we believe the analysis in Lamb and Rushing is correct, and conclude that the jury instruction utilized here for attempted manslaughter, which required proof of intent to kill, was fundamental error.
For these reasons, we reverse Burton’s conviction of attempted second-degree murder and remand for a new trial on that charge. In doing so, we certify express and direct conflict with Williams.
AFFIRMED in part; REVERSED in part; CONFLICT CERTIFIED.
GRIFFIN, J., concurs.
LAWSON, J., concurs, with opinion.

. Because the instruction concerned an offense only one'step removed from the crime for which the defendant was convicted, the error is not subject to a harmless error analysis. See Pena v. State, 901 So.2d 781 (Fla.2005).