*740
 
 COHEN, J.
 

 Arizona Willis, III, Appellant, was convicted of attempted second-degree murder and robbery with a deadly weapon.
 
 [1]
 
 His sole argument on appeal is that the jury instruction on the lesser included offense of voluntary manslaughter constituted fundamental error, entitling him to a new trial on the charge of attempted second-degree murder. We agree and reverse.
 

 At trial, the evidence showed that Fredo Hilaire, a cab driver, picked up a fare, later identified as Willis, from the Sands Hotel. As Hilaire drove, Willis stabbed him in the neck and back. The cab crashed into a parked car and Hilaire, covered in blood, exited the cab. Hearing the crash, two witnesses exited their home and observed Willis as he continued to stab Hilaire and demand money. Witnesses from the hotel identified Willis as the individual who ordered the cab. The two witnesses from the home, and the victim, all identified Willis as the perpetrator. Blood on one of Willis’ shoes matched that of the victim. Willis’ defense was mistaken identity.
 

 The trial court’s instruction on the lesser included offense of voluntary manslaughter stated that “Arizona Willis, III committed an act which was intended to cause the death of Fredo Hilaire.” Willis did not object to this instruction.
 

 In
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), the supreme court held that under Florida law “the crime of manslaughter by act does not require that the defendant intended to kill the victim,” and any such instruction which required proof of an intent to kill constituted fundamental error.
 
 Id.
 
 at 255, 258.
 

 Willis argues that
 
 Montgomery
 
 applies equally to attempted voluntary manslaughter by act. The State disagrees and posits, citing
 
 Williams v. State,
 
 40 So.3d 72, 75 (Fla. 4th DCA 2010), that this distinction is supported by the fact that “the Supreme Court has not amended the attempted manslaughter instruction, even though it has twice amended the manslaughter instruction within the last [three] years.”
 

 This court has recently weighed in on the issue in
 
 Burton v. State,
 
 — So.3d -, 2011 WL 1326258 (Fla. 5th DCA 2011), certifying conflict with
 
 Williams.
 
 In
 
 Burton,
 
 we agreed with the First District, which concluded that an instruction on attempted voluntary manslaughter by act, requiring the jury to find an intent to kill, suffers from the same infirmities found in
 
 Montgomery. Burton,
 
 — So.3d at-.
 
 See also Bass v. State,
 
 45 So.3d 970 (Fla. 3d DCA 2010);
 
 Gonzalez v. State,
 
 40 So.3d 60 (Fla. 2d DCA 2010). Therefore, we reverse the conviction for attempted second-degree murder, and affirm the conviction for robbery with a deadly weapon.
 

 AFFIRMED IN PART; REVERSED IN PART; REMANDED.
 

 ORFINGER, C.J., and JACOBUS, J., concur.
 

 [1]
 

 . Willis was originally charged in a three-count information with attempted first-degree murder with a weapon, robbery with a deadly weapon, and aggravated battery with a deadly weapon. Post-trial, the aggravated battery with a deadly weapon charge was dismissed.