PER CURIAM.
 

 Jason Robert Morse was found guilty by an Orange County jury of three counts of attempted second-degree murder of a law enforcement officer, with a firearm, and one count of fleeing or attempting to elude a law enforcement officer at high speed or with wanton disregard. The crimes were part of a crime spree and chase during which Morse committed criminal offenses in both Orange County and Seminole County, Florida. Morse has been separately convicted and sentenced in Seminole County for the offenses he committed there.
 
 [1]
 

 Following return of the Orange County verdicts, the trial judge granted Morse a new trial on one of the attempted second-degree murder convictions and on the fleeing and eluding conviction, based upon Morse’s double jeopardy argument. The State appealed this order, but only ehal-
 
 *750
 
 lenges the trial court’s determination that conviction on the second-degree murder count violated double jeopardy. As for the fleeing count, the State agrees to the dismissal of this charge on double jeopardy grounds.
 
 [2]
 

 On cross-appeal, Morse argues that he is entitled to a new trial on all the second-degree murder convictions based upon fundamental error in the jury instructions on the lesser charge of attempted manslaughter. The State concedes that Morse is entitled to this relief under
 
 Burton v. State,
 
 — So.3d -, 2011 WL 1326258 (Fla. 5th DCA 2011), but correctly notes that
 
 Burton
 
 conflicts with the Fourth District’s decision in
 
 Williams v. State,
 
 40 So.3d 72 (Fla. 4th DCA 2010),
 
 rev. granted,
 
 64 So.3d 1262 (Fla.2011). We agree with the State that the trial court erred in its determination that the attempted second-degree murder conviction was barred by double jeopardy, but remand for a new trial on all of the second-degree murder charges as required by
 
 Burton.
 

 The Fifth Amendment’s guarantee against double jeopardy
 
 [3]
 
 “protects against a second prosecution for the same offense after conviction .... [and] against multiple punishments for the same offense.”
 
 North Carolina v. Pearce,
 
 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (footnotes omitted),
 
 overruled on other grounds by Alabama v. Smith,
 
 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Morse argues that under these principles he cannot be convicted of attempted murder for shooting at Officer Reinaldo Rivero, Jr., in Orange County, because he has already been convicted of attempted murder for shooting at Officer Rivero in Seminole County.
 
 [4]
 
 If the Orange and Seminole County shootings occurred in a single criminal episode, Morse would be correct that the State would be barred from prosecuting him for his conduct in Orange County after procuring the Seminole County conviction.
 
 See, e.g., Williams v. State,
 
 959 So.2d 790 (Fla. 2d DCA 2007).
 

 “The test for determining whether two crimes occurred in the same criminal episode is whether there was a temporal break between the crimes, such that the defendant had an opportunity to pause, reflect, and form a new criminal intent.”
 
 Beahr v. State,
 
 992 So.2d 844, 846 (Fla. 1st DCA 2008) (citations omitted),
 
 abrogation on other grounds recognized in Smith v. State,
 
 41 So.3d 1041 (Fla. 1st DCA 2010). “If there was such a break, then the crimes occurred in separate criminal episodes and may be punished separately.”
 
 Id.
 
 (citation omitted).
 

 Officer Rivera testified that Morse turned to face toward the rear of his vehicle, shot out the back window, and began firing at him as they travelled on Interstate 4 in downtown Orlando, at approximately Church Street. This shooting is the basis for the Orange County charge. After firing some shots at Rivera and oth
 
 *751
 
 er officers pursuing him, Morse then turned back to face his direction of travel. Officer Rivera testified that Morse repeated this pattern (of turning to fire and then turning back to refocus on the road ahead of him) multiple times as Rivera and others pursued Morse through Orange County and then into Seminole County. Rivera also testified that he observed Morse reload his firearm at some point during this chase. The Seminole County charge stemmed from shots that Morse fired at Rivera after both vehicles crossed into Seminole County. Given the obvious time and distance between the shooting in downtown Orlando and the shooting in Seminole County, and the multiple opportunities that Morse had during the chase through Orange County to pause and reflect on his actions as he repeatedly ceased and then restarted his firing at those pursuing him, we have no difficulty determining that the shooting for which Morse was convicted in Seminole County was a separate criminal episode, for double jeopardy purposes, from the shooting in downtown Orlando.
 
 Id.
 

 However, in light of our court’s prior opinion in
 
 Burton,
 
 we conclude that Morse is entitled to a new trial on all three of the attempted murder charges in this case. Accordingly, we reverse the conviction on the remaining attempted murder charges, and remand for further proceedings consistent with this opinion. In doing so, we certify that this decision conflicts ■with the Fourth District’s decision in
 
 Williams.
 

 REVERSED AND REMANDED; CONFLICT CERTIFIED.
 

 PALMER, LAWSON and JACOBUS, JJ., concur.
 

 [1]
 

 . The Seminole County convictions stemmed from Morse’s robbery of a Seminole County Walgreen’s pharmacy at gunpoint, the armed carjacking of a car from two women outside that building, and an ensuing high-speed chase during which Morse fired upon Seminole County sheriff's deputies, Orlando and Lake Mary police officers, and State Highway Patrol troopers.
 

 [2]
 

 . The State concedes to dismissal of the fleeing charge on double jeopardy grounds because Morse was already convicted of this same offense in Seminole County related to the chase that occurred in both counties. We accept this concession, although we question whether double jeopardy principles require dismissal of the charge.
 
 Cf. Murphy v. State,
 
 723 So.2d 313 (Fla. 1st DCA 1998).
 

 [3]
 

 . The Fifth Amendment of the United States Constitution provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb.'' U.S. Const. Amend. V. Likewise, Article I, section 9, of the Florida Constitution provides a similar protection: “No person shall ... be twice put in jeopardy for the same offense.” Art. I, § 9, Fla. Const.
 

 [4]
 

 .The other attempted murder charges, in both counties, each relate to a different victim.