PER CURIAM.
 

 Shawn Pavolko appeals his conviction on a charge of attempted second degree murder with a firearm, arguing fundamental error in the instruction given to the jury on the lesser charge of attempted voluntary manslaughter.
 
 [1]
 
 He argues that the attempted manslaughter instruction, to which he raised no objection at trial, would have been understood by the jury as requiring proof beyond a reasonable doubt that he intended to kill the victim before it could lawfully return a guilty verdict on the charge, although intent to kill is not an element of manslaughter.
 
 See State v. Montgomery,
 
 39 So.3d 252 (Fla.2010). He argues that this “Montgomery-type” error deprived the jury of its opportunity to exercise its pardon power by returning a verdict on the lesser offense of attempted manslaughter, thus requiring that his conviction be set aside — and that he be given a new trial on the charge of attempted second degree murder with a firearm. Finding that the instruction given in this case cannot reasonably be read as imposing an intent to kill element, we reject Pavolko’s argument and affirm the conviction.
 

 In
 
 Burton v. State,
 
 — So.3d-, 2011 WL 1326258 (Fla. 5th DCA 2011), we found that
 
 Montgomery
 
 compelled a conclusion that instructing a jury using the then-standard jury instruction for attempted manslaughter by act constituted fundamental error in cases like this one where, in theory, it would have interfered with the jury’s “pardon power.” In doing so, we certified conflict with
 
 Williams v. State,
 
 40 So.3d 72 (Fla. 4th DCA 2010),
 
 rev. granted,
 
 64 So.3d 1262 (Fla.2011). The instruction at issue in
 
 Burton
 
 and
 
 Williams
 
 incorrectly articulated that the state was required to prove that the defendant “intentionally caused the death” of the victim. In the case before us, the trial court did not use this standard instruction, but instead used an alternative non-standard instruction crafted by the State, which read:
 

 
 *88
 
 To prove the crime of Attempted Voluntary Manslaughter, the State must prove the following element beyond a reasonable doubt:
 

 SHAWN MICHAEL PAVOLKO
 
 intentionally committed an act, which would have resulted in the death
 
 of [the victim] except that someone prevented SHAWN MICHAEL PAVOLKO from killing [the victim] or he failed to do so.
 

 However, the defendant cannot be guilty of Attempted Voluntary Manslaughter by committing a merely negligent act or if the attempted killing was either excusable or justifiable as I have previously explained those terms.
 

 I will now define “negligence” for you. Each of us has a duty to act reasonably and use ordinary care toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence.
 

 It is not an attempt to commit manslaughter if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of his criminal purpose.
 

 In order to convict of Attempted Voluntary Manslaughter it is not necessary for the State to prove that the defendant had an intent to cause death,
 
 only an intent to commit an act which would have caused death
 
 and was not justifiable or excusable attempted homicide.”
 

 (Emphasis added).
 

 Pavolko argues that use of the word “would” in the italicized portion of this specially crafted instruction creates the same problem that we found in the language “intentionally caused the death” in
 
 Burton.
 
 He suggests that intentionally committing an act that “would have” caused death is the same as intentionally causing death-and that the only cure would have been for the judge to have explained that the State had to prove that he intentionally committed an act that “could” have caused death. We disagree, and do not believe that the instruction given in this case would have, or could have, reasonably been read as including an intent to cause death element. Accordingly, we affirm Pavolko’s convictions and sentences.
 

 AFFIRMED.
 

 ORFINGER, C.J., TORPY and LAWSON JJ, concur.
 

 [1]
 

 . Pavolko weis also found guilty of burglary of a dwelling and carrying a concealed firearm, but does not raise any issue relating to those convictions or sentences on appeal.