COHEN, J.
 

 Petitioner, Tyrone Dill, has filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. Charged with attempted first-degree murder with a firearm, Dill was convicted of the lesser-included offense of attempted second-degree murder with a firearm and one count of aggravated assault with a firearm. Dill’s petition concerns only the attempted second-degree murder with a firearm count.
 

 In his petition, Dill alleges that appellate counsel rendered ineffective assistance when appellate counsel failed to seek supplemental briefing as a result of the First District Court of Appeal’s decision in
 
 Montgomery v. State,
 
 70 So.3d 603 (Fla. 1st DCA 2009), which held that the standard manslaughter by act jury instruction, Florida Standard Jury Instruction (Criminal) 7.7, improperly imposed an additional element of intent to kill and was therefore fundamentally erroneous. Dill contends that appellate counsel should have filed a supplemental brief based on
 
 Montgomery,
 
 raising the issue of whether the attempted voluntary manslaughter jury instruction given in his trial was fundamental error.
 

 In
 
 Montgomery,
 
 70 So.3d 603, the First District held that the standard manslaughter by act jury instruction improperly imposed an additional element of intent to kill and was therefore fundamentally erroneous. The First District’s decision in
 
 Montgomery
 
 was not directly on point in regard to Dill’s case. The decision concerned Standard Jury Instruction in Criminal Cases 7.7 pertaining to manslaughter, whereas Dill’s case involved Standard Jury Instruction in Criminal Cases 6.6, pertaining to attempted voluntary manslaughter. However, in
 
 Lamb v. State,
 
 18 So.3d 734, 735 (Fla. 1st DCA 2009), the First District applied its reasoning in
 
 Montgome'i~y
 
 to the standard
 
 attempted
 
 voluntary manslaughter instruction.
 

 We find appellate counsel should have raised the issue before this Court’s decision in petitioner’s direct appeal was final, even though
 
 Montgomery
 
 was alleged to be in conflict with a prior opinion issued by this Court. Claims of ineffective assistance of appellate counsel are appropriately presented in a petition for writ of habeas corpus, and the criteria for analyz
 
 *851
 
 ing such claims parallel the Strickland
 
 [1]
 
 standard for ineffective trial counsel.
 
 See Freeman v. State,
 
 761 So.2d 1055, 1069 (Fla.2000). Accordingly, to grant habeas relief based on ineffective assistance of appellate counsel, this Court must determine:
 

 [F]irst, whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.
 

 Pope v. Wainwright,
 
 496 So.2d 798, 800 (Fla.1986);
 
 accord Freeman,
 
 761 So.2d at 1069;
 
 Thompson v. State,
 
 759 So.2d 650, 660 (Fla.2000). In raising such a claim, the petitioner “has the burden of alleging a specific, serious omission or overt act upon which the claim of ineffective assistance of counsel can be based.”
 
 Freeman,
 
 761 So.2d at 1069.
 

 Although appellate counsel is not required to anticipate changes in the law,
 
 see Walton v. State,
 
 847 So.2d 438, 445 (Fla.2003) and
 
 Gervasoni v. State,
 
 766 So.2d 478, 479-80 (Fla. 5th DCA 2000), “there are cases that hold that appellate counsel is ineffective for failing to raise favorable cases decided by other jurisdictions during the pendency of an appeal, which could result in a reversal.”
 
 Granberry v. State,
 
 919 So.2d 699, 701 (Fla. 5th DCA 2006);
 
 see also Shabazz v. State,
 
 955 So.2d 57 (Fla. 1st DCA 2007) (holding appellate counsel ineffective for failing to raise favorable cases from other districts in Florida even though controlling law in district where appeal heard was unfavorable);
 
 Ortiz v. State,
 
 905 So.2d 1016 (Fla. 2d DCA 2005) (determining appellant’s counsel’s failure to request supplemental briefing on favorable appellate decision from other district constituted ineffective assistance of counsel);
 
 McCann v. Moore,
 
 763 So.2d 556 (Fla. 4th DCA 2000) (granting belated appeal because counsel had ample time to call favorable case from another district to court’s attention, but failed to do so);
 
 Whatley v. State,
 
 679 So.2d 1269 (Fla. 2d DCA 1996) (determining that although issue was not completely settled, counsel was ineffective for failing to cite favorable binding case law from other district in effect at time of pending appeal).
 

 Montgomery
 
 was decided before the initial brief in Dill’s direct appeal was filed, and the Florida Supreme Court accepted jurisdiction on May 7, 2009.
 
 Lamb
 
 was decided on October 14, 2009, while Dill’s direct appeal was pending in this Court. Dill’s conviction was affirmed and the mandate issued on December 30, 2009. The First District’s decision in
 
 Montgomery
 
 was approved in April 2010, to the extent it held that the use of the standard jury instruction on manslaughter, which required that the State prove the defendant’s intent to kill the victim, constituted fundamental error.
 
 State v. Montgomery,
 
 39 So.3d 252, 254 (Fla.2010). Subsequent to the Florida Supreme Court’s issuance of its opinion in
 
 Montgomery,
 
 this Court concluded that the holding is equally applicable to the jury instruction for the offense of attempted manslaughter by act.
 
 Burton v. State,
 
 — So.3d -, 2011 WL 1326258 (Fla. 5th DCA 2011) (standard jury instruction utilized for attempted manslaughter was fundamental error, as it required proof of intent to kill).
 

 In Dill’s case, based upon the First District’s holdings in
 
 Montgomery
 
 and
 
 Lamb,
 
 and this Court’s subsequent decision in
 
 Burton,
 
 it was fundamental error to
 
 *852
 
 include the phrase “intended to cause the death” in the attempted voluntary manslaughter instruction in Dill’s trial. With regard to appellate counsel’s duty to raise the
 
 Montgomery
 
 issue, the First District has held that, in eases pending when it decided
 
 Montgomery,
 
 appellate counsel was ineffective for failing to ask for supplemental briefing on the jury instruction issue.
 
 See Toby v. State,
 
 29 So.3d 1138 (Fla. 1st DCA 2009). This Court has found ineffective assistance of appellate counsel where appellate counsel failed to raise the Florida Supreme Court’s April 2010,
 
 Montgomery
 
 decision while the petitioner’s direct appeal was pending.
 
 Hodges v. State,
 
 64 So.3d 142 (Fla. 5th DCA 2011). Likewise, this Court has found ineffective assistance of appellate counsel because of the failure to raise the First District’s
 
 Montgomery
 
 holding.
 
 Lopez v. State,
 
 68 So.3d 332 (Fla. 5th DCA 2011) (acknowledging controlling precedent in this district had approved the instruction).
 

 We note that this Court’s decisions in
 
 Lopez, Hodges
 
 and
 
 Burton
 
 are in direct conflict with the Fourth District’s decision in
 
 Williams v. State,
 
 40 So.3d 72, 75-76 (Fla. 4th DCA 2010),
 
 review granted,
 
 64 So.3d 1262 (Fla.2011), wherein the Fourth District concluded that the standard jury instruction on attempted manslaughter does not possess the same fatal flaw as the standard jury instruction on manslaughter because “you cannot attempt to commit an unintentional act.” In doing so, the Fourth District certified conflict with the First District’s decision in
 
 Lamb
 
 and certified the following questions of great public importance: (1) Does the standard jury instruction on attempted manslaughter constitute fundamental error, and (2) Is attempted manslaughter a viable offense in light of
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010).
 
 Williams,
 
 40 So.3d at 76.
 

 For the reasons stated, we grant the petition for writ of habeas corpus and remand for a new trial. We once again certify conflict with
 
 Williams.
 

 PETITION GRANTED.
 

 MONACO and EVANDER, JJ., concur.
 

 [1]
 

 .
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).