RAMIREZ, J.
Elizabeth Cukierman appeals from an order denying her motion to set aside a judicial sale and vacate a final summary judgment of foreclosure. Because we find that appellant had no standing to challenge the judicial sale and foreclosure judgment, we affirm.
E.L.D. Enterprises, LLC, executed and delivered a promissory note to BankAtlantic in the principal sum of $196,000. The note was secured by a simultaneously executed mortgage encumbering a commercial warehouse owned by E.L.D. Eleazar and Elizabeth Cukierman, E.L.D.’s principals, were guarantors for E.L.D.’s note to Ban-kAtlantic. E.L.D. defaulted on the note, and BankAtlantic sued to foreclose the mortgage. The foreclosure action included both Mr. and Mrs. Cukierman as defendants because of their guaranties. Mr. and Mrs. Cukierman allegedly were served with process at E.L.D.’s corporate address, and an attorney filed an answer to the complaint on behalf of all defendants. The trial court later entered a final summary judgment of foreclosure in favor of BankAtlantic in the amount of $158,769.24. Subsequently, the property was sold at a judicial sale to a third party for $172,000.
Two days after the judicial sale, Mrs. Cukierman moved the court to set aside the sale and vacate the foreclosure judgment. Mrs. Cukierman contended that she was never served with process and was unaware of the foreclosure action and judicial sale, and thus, the judicial sale without notice to her improperly extinguished her right of redemption. In support of her motion, Mrs. Cukierman filed affidavits from her husband and the attorney who answered the complaint, both of which averred that they did not communicate with Mrs. Cukierman regarding the foreclosure action. In response, counsel for BankAtlantic argued that Mrs. Cukierman had no standing to challenge the foreclosure action and judicial sale because, as a guarantor, she had no right of redemption. BankAtlantic contends that, because the indebtedness was satisfied from the sale of the mortgage collateral and no judgment was entered against Mrs. Cukierman personally, any lack of notice to Mrs. Cukier-man is irrelevant. We agree with BankAt-lantic.
A person who guarantees a promissory note does not acquire any interest in the mortgaged property. In Florida, a mortgage creates a special lien against the collateral property, see § 697.02, Fla. Stat. (2001); Hemphill v. Nelson, 95 Fla. 498, 116 So. 498 (1928), which, upon the mortgagor’s default, the mortgagee has the right to foreclose, having the collateral property sold to pay the mortgagor’s debt. See Georgia Cas. Co. v. O’Donnell, 109 Fla. 290, 147 So. 267, 268 (1933) (“The method of foreclosure in this state is to have the mortgaged property sold under an order of the court and the proceeds applied in payment of the debt. The primary purpose of the suit is to subject the mortgaged property to the payment of the debt.”); Gonzalez v. Chase Home Fin. LLC, 37 So.3d 955, 957 (Fla. 3d DCA 2010) (quoting Brown v. Atlanta Nat’l Bldg. & Loan Ass’n, 46 Fla. 492, 35 So. 403, 404 (1903)) (“[T]he proper scope of *252 a foreclosure suit is merely to enforce the mortgage lien against the title or interest of the mortgagor.... ”); Morris v. Osteen, 948 So.2d 821, 825 ((Fla. 5th DCA 2007) (quoting Bankers Trust Co. v. Edwards, 849 So.2d 1160, 1162 (Fla. 1st DCA 2003)) (“Upon obtaining a judgment of foreclosure, the mortgagee is ‘entitled to have the property sold and the proceeds applied against the foreclosure judgment.’ ”). Only the mortgaged property owner or the holder of subordinate interests in the property have the right to redeem the property prior to sale. § 45.0315, Fla. Stat. (2009); Marina Funding Grp., Inc. v. Peninsula Prop. Holdings, Inc., 950 So.2d 428, 430 (Fla. 4th DCA 2007).
Conversely, a guaranty of a mortgage note is simply a promise to answer for the debt should the mortgagor fail to pay. See West Flagler Assocs., Ltd. v. Dep’t of Revenue, 633 So.2d 555 (Fla. 3d DCA 1994) (holding that note guaranty was not subject to intangible personal property tax in light of secondary nature of liability which arises only upon default by note maker); New Holland, Inc. v. Trunk, 579 So.2d 215, 216-17 (Fla. 5th DCA 1991) (“A guaranty is a promise to pay some debt (or to perform some obligation) of another on the default of the person primarily liable for payment or performance.”); see generally Black’s. Law Dictionary at 634 (defining guaranty as a “promise to answer for the payment of some debt, or the performance of .some duty, in case of the failure to another who is liable in the first instance”). Additionally, a guarantor of a mortgage note who has no interest in the mortgaged property, although a proper party, is not a necessary party to an action to foreclose the mortgage. See § 46.041, Fla. Stat. (2009); Prevatt v. Fed. Land Bank of Columbia, 129 Fla. 464, 176 So. 494 (1937). Generally, guarantors are included in foreclosure actions to facilitate enforcement of the guaranty if the sale of the collateral is insufficient to satisfy the debt. See L.A.D. Prop. Ventures, Inc. v. First Bank, 19 So.3d 1126, 1127 (Fla. 2d DCA 2009).
Accordingly, when the mortgagor’s indebtedness is satisfied from the proceeds of the judicial sale of the collateral, the guarantor has no further role in the proceedings. In Photomagic Industries, Inc. v. Broward Bank, 526 So.2d 136 (Fla. 3d DCA 1988), this Court determined that guarantors had no right of subrogation when the fair market value of the collateral exceeded the debt and thus their exposure. Under these circumstances, the Court concluded that, although the statutes allowed for joinder of guarantors, a guarantor is not allowed “to control the direction of the litigation or plaintiffs rights by tendering money where the debt is going to be satisfied from another source.” Id.
Here, Mrs. Cukierman simply obligated herself to pay E.L.D.’s debt if: (1) E.L.D. failed to pay, and (2) the proceeds from a sale of the collateral, E.L.D.’s property, were insufficient to satisfy the debt. When E.L.D. failed to pay, BankAtlantic had the right to decide from which source to obtain satisfaction of the debt. BankAt-lantic proceeded against the collateral property through a judicial sale. The proceeds of the sale were sufficient to satisfy the debt. Therefore, Mrs. Cukierman was not called upon to perform under the guaranty. Moreover, because the guaranty did not grant Mrs. Cukierman any interest in the collateral property, she had no right to redeem the property by paying for E.L.D.’s debt prior to the sale. Although she was a party to the foreclosure action, the' trial court correctly ordered a judicial sale without Mrs. Cukierman’s participation: Subsequently, the foreclosure judgment was satisfied from the proceeds *253 of the sale, again without recourse to the guaranty. Thus, notice to Mrs. Cukier-man was irrelevant because she had no standing to challenge the foreclosure judgment and judicial sale.
For these reasons, we affirm the judgment below.
Affirmed.