PER CURIAM.
 

 Blake Ward appeals the summary denial of his rule 3.850 motion. In that motion, he claimed appellate counsel was ineffective for failing to cite to
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), and argued that the trial court improperly instructed the jury when it used Florida Standard Jury Instruction (Criminal) 6.6. However, Ward is incorrect in his contentions as his appellate counsel did raise the
 
 Montgomery
 
 issue on appeal. Instead, we elect to treat this appeal as a Based on the reasoning in
 
 Dill v. State,
 
 79 So.3d 849 (Fla. 5th DCA 2012), we grant the petition and remand for a new trial. As in
 
 Dill,
 
 the First District Court of Appeal’s decision in
 
 Montgomery v. State,
 
 70 So.3d 603 (Fla. 1st DCA 2009), was issued during the pendency of Ward’s direct appeal in our court.
 

 For the reasons set forth in
 
 Burton v. State,
 
 _ So.3d _ (Fla. 5th DCA 2011), we again cite conflict with
 
 Williams v. State,
 
 40 So.3d 72 (Fla. 4th DCA 2010),
 
 review granted,
 
 64 So.3d 1262 (Fla.2011).
 

 The Writ of Habeas Corpus is GRANTED and this matter is REMANDED for a new trial.
 

 PALMER, LAWSON and JACOBUS, JJ., concur.