BERGER, J.
Petitioner, Marco Pierce, seeks another appeal, alleging ineffective assistance of appellate counsel. See generally Fla. *1092 R.App. P. 9.141(d). He asserts, inter alia, that his appellate counsel was ineffective for failing to argue that the jury instructions for attempted manslaughter were fundamentally flawed. We agree and grant the petition.[1]
Pierce was charged with attempted first-degree premeditated murder with a firearm and a number of additional charges.[2] As to the attempted murder charge, the jury was instructed on attempted first-degree murder, attempted second-degree murder, and attempted voluntary manslaughter by act. With respect to the lesser offense of attempted manslaughter, the jury was instructed that attempted manslaughter by act required an intent to kill. At the time, the instruction given was the standard jury instruction for attempted voluntary manslaughter by act. Pierce did not object to the instruction. The jury found Petitioner guilty of attempted second-degree murder with a firearm,[3] a crime one step removed from the necessarily lesser-included offense of attempted manslaughter. See State v. Montgomery, 89 So.3d 252, 259 (Fla.2010) (“The lesser included offense of manslaughter is just one step removed from second-degree murder.”).
Pierce’s jury trial was conducted in November 2009. The appeal in his case was perfected on September 17, 2010. On April 8, 2010, the Florida Supreme Court held that the standard jury instruction for voluntary manslaughter by act was incorrect and that giving it constituted fundamental error. Id. at 259. That holding was recently extended to the attempted manslaughter by act instruction. See Williams v. State, 123 So.3d 23, 2013 WL 535449 (Fla. Feb. 14, 2013). Although Williams had not yet been decided at the time of Pierce’s appeal, eight months before his initial brief was filed, the First District held it was fundamental error to give the standard jury instruction for attempted manslaughter by act because, like Montgomery, it contained the erroneous element that the defendant committed an act with the intent to cause the death of the victim. See Lamb v. State, 18 So.3d 734 (Fla. 1st DCA 2009).[4] Although Montgomery and Lamb were favorable to Pierce, and both had been decided prior to the filing of the initial brief, no issue concerning the attempted manslaughter instruction was raised in his appeal.[5] This court later affirmed Pierce’s judgment and sentence. Pierce v. State, 53 So.3d 237 (Fla. 5th DCA 2011).
*1093 In reviewing Pierce’s claim of ineffective assistance of appellate counsel, we must determine whether counsel’s performance was deficient and, if so, whether “the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.” Lopez v. State, 68 So.3d 332, 333 (Fla. 5th DCA 2011) (quoting Wilson v. Wainwright, 474 So.2d 1162, 1165 (Fla.1985)). “An appellate court must apply the law at the time of the appeal in determining whether appellate counsel’s performance was deficient.” Id. at 333-34.
Although appellate counsel is not necessarily required to anticipate changes in the law, as we previously noted in Granberry v. State, 919 So.2d 699 (Fla. 5th DCA 2006), numerous cases have held appellate counsel ineffective for failing to raise favorable cases decided by other jurisdictions during the pendency of an appeal that could result in reversal. See, e.g., Lopez v. State, 68 So.3d 332 (Fla. 5th DCA 2011) (holding appellate counsel ineffective for failing to argue trial court committed fundamental error in giving the then-standard jury instruction for manslaughter by act, even though controlling precedent in the district had approved the instruction, when the instruction had been found fundamentally erroneous in another district and conflict between the two districts would have allowed defendant to seek relief in the supreme court); Shahazz v. State, 955 So.2d 57 (Fla. 1st DCA 2007) (holding appellate counsel ineffective for failing to raise favorable cases from other districts in Florida even though controlling law in district in which appeal was heard was unfavorable); Ortiz v. State, 905 So.2d 1016 (Fla. 2d DCA 2005) (determining that appellant’s counsel’s failure to request supplemental briefing on favorable appellate decision from other district court constituted ineffective assistance of counsel); McCann v. Moore, 763 So.2d 556 (Fla. 4th DCA 2000) (finding that counsel had ample time to call favorable decision from another district to court’s attention, but failed to do so, so belated appeal granted); Ford v. Singletary, 689 So.2d 392 (Fla. 3d DCA 1997) (holding that counsel was ineffective for failing to bring new supreme court decision to court’s attention when it expressly applied to pipeline cases); Whatley v. State, 679 So.2d 1269 (Fla. 2d DCA 1996) (determining that although issue was not completely settled, counsel was ineffective for failing to cite favorable binding case law from another district in effect at time of pending appeal).
Inasmuch as the opinions in both Montgomery and Lamb were issued prior to the initial appeal in this case, appellate counsel should have raised the jury instruction issue and cited Montgomery and Lamb for support. Had the issue been raised in the initial brief, it is likely the outcome of the appeal would have been different. Indeed, less than a year later, this court issued its opinion in Burton v. State, — So.3d -, 2011 WL 1326258, 36 Fla. L. Weekly D738 (Fla. 5th DCA Apr.8, 2011), aligning itself with Lamb. In Burton, we held that giving the standard jury instruction on attempted manslaughter by act was fundamental error and required reversal of the defendant’s conviction for attempted second-degree murder.[6] Id.
*1094 For the foregoing reasons, we conclude Pierce is entitled to relief. Because a new appeal would be redundant, we vacate Pierce’s conviction for attempted second-degree murder with a firearm and remand for new trial on that charge. See Lopez, 68 So.3d at 335.
REVERSED and REMANDED.
GRIFFIN and COHEN, JJ., concur.

. We find no merit to the other issues raised by Petitioner.

. In addition to attempted first-degree murder, Pierce was charged with robbery with a deadly weapon/firearm, burglary of a structure with an assault and with a firearm, burglary of a structure with a firearm, and resisting an officer with violence and with a weapon.

. Pierce was found guilty of all the other counts as charged. He was sentenced to life imprisonment for the armed robbery and the two armed burglary convictions, thirty years for the reclassified attempted second-degree murder conviction, and fifteen years for the reclassified resisting an officer with violence conviction. This opinion only addresses the conviction for attempted second-degree murder with a firearm.

. During the pendency of the appeal, the Fourth District, on July 7, 2010, issued an opinion certifying conflict with Lamb. See Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010), quashed by Williams v. State, 123 So.3d 23, 2013 WL 535449 (Fla. Feb. 14, 2013).

. The sole issue raised by Pierce on appeal was the denial of his motion to dismiss, wherein he argued that convictions for robbery and burglary with an assault constituted a double jeopardy violation.

. As the Florida Supreme Court has explained:
[a] jury must be given a fair opportunity to exercise its inherent "pardon” power by returning a verdict of guilty as to the next lower crime. If the jury is not properly instructed on the next lower crime, then it is impossible to determine whether, having been properly instructed, it would have found the defendant guilty of the next lesser offense.
Pena v. State, 901 So.2d 781, 787 (Fla.2005).