BERGER, J.
Justin Lamar Jones seeks a writ of habeas corpus, alleging one claim of ineffective assistance of appellate counsel. Specifically, he argues the attempted manslaughter jury instruction given in his case constituted fundamental error, and counsel’s failure to raise the issue on direct appeal constituted ineffective assistance. . We grant the petition. See Pierce v. State, 121 So.3d 1091, 1093-94 (Fla. 5th DCA 2013) (holding failure of appellate counsel to argue on direct appeal that instructions for attempted manslaughter by act were fundamentally flawed constituted ineffective assistance of appellate counsel).
Jones was charged with attempted first-degree murder with a firearm and possession of a firearm by a convicted felon. In October 2012, he went to trial on the attempted first-degree murder charge.- At the close of the evidence, the jury was instructed on attempted first-degree murder, and the lesser included crimes of attempted second-degree murder, attempted voluntary manslaughter, aggravated battery, and battery. With respect to the lesser offense of attempted manslaughter, the trial court gave the following instruction:
Attempted- voluntary manslaughter: To prove the crime of attempted voluntary manslaughter, the State must prove the following element beyond a reasonable doubt: Justin Lamar Jones committed an act which was intended to cause the death of Robert Harris and would have resulted in the death of Robert Harris, except that someone prevented Justin Lamar Jones from killing Robert Harris or he failed to do so.
However, the defendant cannot be guilty ' of attempted voluntary manslaughter if the attempted killing was either excusable or justifiable as I have previously explained those terms. It is not an attempt to commit manslaughter if the defendant abandoned the attempt to complete the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of his criminal purpose.
In order to convict of attempted voluntary manslaughter, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.
(emphasis added).
Trial counsel did not object to the instruction. Jones was found guilty of the lesser included offense of attempted second-degree murder, a crime one step removed ft’om the necessarily lesser included offense of attempted manslaughter.
*82 Jones filed an appeal that was perfected on July 30, 2013. On April 8, 2010, the Florida Supreme Court determined that the standard jury instruction for manslaughter by act was incorrect and that giving it constituted fundamental error. See State v. Montgomery, 39 So.3d 252, 258 (Fla.2010) (determining that manslaughter by act instruction, requiring the jury to find that defendant intended to kill the victim, erroneously explained Florida law, and constituted fundamental error in a first-degree murder prosecution where the defendant was convicted of second-degree murder). On February 14, 2013, before the initial brief was filed in Jones’ appeal, the Florida Supreme Court extended its holding in Montgomery to the attempted manslaughter instruction. See Williams v. State, 123 So.3d 23, 27 (Fla.2013). Notably, prior to the Supreme Court’s decision in Williams and, indeed, a year and a half prior to Jones’ trial, this Court determined that giving the standard jury instruction on attempted manslaughter by act was fundamental error. See Burton v. State, 125 So.3d 788, 789 (Fla. 5th DCA 2011) (holding jury instruction on lesser included offense of attempted voluntary manslaughter by act, which required finding of intent to kill, constituted fundamental error and required reversal of defendant’s conviction for second-degree murder).
Although Montgomery, Williams, and Burton were favorable to Jones, and all three had been decided prior to the filing of the initial brief, inexplicably, no issue concerning the attempted manslaughter instruction was raised in his appeal. Instead, the sole issue raised by appellate counsel was whether the trial court erred in failing to grant Jones’ motion for judgment of acquittal. This Court later affirmed his judgment and sentence without opinion. See Jones v. State, 127 So.3d 524 (Fla. 5th DCA 2013).
In reviewing Jones’ claim, “we must determine whether counsel’s performance was deficient and, if so, whether ‘the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.’ ” Pierce, 121 So.3d at 1093 (quoting Lopez v. State, 68 So.3d 332, 333 (Fla. 5th DCA 2011)). “[T]he law at the time of the appeal applies when determining whether appellate counsel was ineffective.” Granberry v. State, 919 So.2d 699, 701 (Fla. 5th DCA 2006).
Numerous cases have held appellate counsel ineffective for failing to raise favorable cases decided by other jurisdictions during the pendency of an appeal. See, e.g., Dill v. State, 79 So.3d 849, 852 (Fla. 5th DCA 2012) (“This court has found ineffective assistance of appellate counsel where appellate counsel failed to raise the Florida Supreme Court’s April 2010, Montgmnery decision while the petitioner’s direct appeal was pending.”); Lopez, 68 So.3d at 333-35 (holding appellate counsel ineffective for failing to argue the trial court committed fundamental error in giving the then-standard jury instruction for manslaughter by act, even though controlling precedent in the district had approved the instruction, when the instruction had been found fundamentally erroneous in another district and conflict between the two districts would have allowed defendant to seek relief in the supreme court); Shabazz v. State, 955 So.2d 57, 58 (Fla. 1st DCA 2007) (holding appellate counsel ineffective for failing to raise favorable cases from other districts in Florida even though controlling law in district in which appeal was heard was unfavorable); Ortiz v. State, 905 So.2d 1016, 1017 (Fla. 2d DCA 2005) (determining that appellant’s counsel’s failure *83 to request supplemental briefing on a favorable appellate decision from another district court constituted ineffective assistance of counsel); McCann v. Moore, 763 So.2d 556, 556-57 (Fla. 4th DCA 2000) (finding that counsel had ample time to call favorable decision from another district to court’s attention, but failed to do so, so belated appeal granted); Ford v. Singletary, 689 So.2d 392, 392-93 (Fla. 3d DCA 1997) (holding that counsel was ineffective for failing to bring new supreme court decision to court’s attention, when it expressly applied to pipeline eases); Whatley v. State, 679 So.2d 1269, 1270 (Fla. 2d DCA 1996) (determining that although issue was not completely settled, counsel was ineffective for failing to cite favorable binding case law from another district in effect at time of pending appeal). Here, not only did counsel fail to cite binding Florida Supreme Court precedent, counsel failed to cite controlling precedent from this very Court. See Burton, 125 So.3d at 789.
Inasmuch as the opinions in Montgomery and Burton were issued prior to the initial appeal in this case, and Williams was issued prior to the filing of the initial brief, appellate counsel should have raised the jury instruction issue and cited those cases for support. ' Had counsel done so, it is likely the outcome of the appeal would have been different.[1]
For the foregoing reasons, we conclude Jones is entitled to relief. Because a new appeal would be redundant, we vacate Jones’ conviction for attempted second-degree murder and remand for a new trial on that charge. See Pierce, 121 So.3d at 1094; Lopez, 68 So.3d at 335.
WRIT GRANTED.
ORFINGER and COHEN, JJ., concur.

. The State concedes that the attempted voluntary manslaughter instruction given in this case was erroneous. Nevertheless, it argues fundamental error did not occur because the only contested issue at trial was the perpetrator’s identity. We reject this argument based on the following reasoning outlined by the Florida Supreme Court in Griffin v. State, 160 So.3d 63, 68 (Fla.2015):
Where a defendant sits mute and exercises his or her right to remain silent, the burden is on the State to prove all elements involved in the degree of the homicide for which the defendant is convicted. It defies logic to conclude that expressly disputing the identity of the perpetrator and remaining silent on the remaining elements of the crime would concede all the elements but identity. The State's burden of proof does not change simply because the defendant speaks up and contests one element, such as his identity as the perpetrator.