PER CURIAM.
 

 Antonio Bass (“the defendant”) appeals his conviction and sentence for two counts
 
 *971
 
 of attempted second degree murder. We reverse.
 

 The State charged and tried the defendant for two counts of attempted first degree murder with a firearm. The trial court instructed the jury on lesser-included offenses, including second degree murder and voluntary manslaughter. The jury returned a guilty verdict of the lesser-included offense of attempted second degree murder under the two counts. Thereafter, the trial court sentenced the defendant to life in prison.
 

 The defendant appeals from his conviction and sentence, alleging various errors, only one of which merits discussion. The defendant asserts that the trial court fundamentally erred when it instructed the jury on the elements of proof for attempted voluntary manslaughter. On the other hand, the State contends that the trial court properly instructed the jury on all lesser-included offenses. We agree with the defendant, and reverse.
 

 The trial court instructed the jury that:
 

 To prove the crime of attempted voluntary manslaughter, the State must prove the following elements beyond a reasonable doubt: That the defendant committed an act, which was intended to cause the death of [the victim] and would have resulted in the death of [the victim] except that someone prevented the defendant from killing [the victim] or he failed to do so.
 

 The defendant relies on
 
 Montgomery v. State,
 
 — So.3d -, 2009 WL 350624 (Fla. 1st DCA 2009), to support his position that the instruction was erroneous. The Florida Supreme Court has since reviewed
 
 Montgomery
 
 and agreed with the First District that the crime of manslaughter by act does not require that the State prove that the defendant intended to kill the victim.
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010). The Court simultaneously amended the manslaughter standard jury instruction.
 
 In re amends. to Standard Jury Instructions in Criminal Cases
 
 — Instruction
 
 7.7,
 
 41 So.3d 853, (Fla.2010).
 

 Accordingly, based on
 
 Montgomery,
 
 we find error in the trial court’s jury instruction on attempted voluntary manslaughter, and reverse the defendant’s conviction and sentence.
 

 Reversed and remanded for a new trial.