CASANUEVA, Judge.
In a search for drugs, Robert Mueller began driving around a section of Tarpon Springs. The result of this sojourn: three acts of violence. First, in an unsuccessful attempt to purchase cocaine, he shot at and struck the drug dealer. Two hours later, still cruising, Mr. Mueller fired his weapon at the home of an individual who owed him money. Finally, upon returning to his home, Mr. Mueller used an object, believed by witnesses to be his pistol, to strike another. As a result of his conduct, the State brought three charges against him: attempted first-degree murder, aggravated battery with a deadly weapon, and discharging a firearm in public. At trial, the jury returned verdicts of attempted second-degree murder, aggravated battery with a deadly weapon, and discharging a firearm in public.
In this appeal, Mr. Mueller argues four instances of trial court error. First, he claims the trial court erred in denying his motion to sever the attempted murder count from the remaining charges; second, that the trial court erred in reading a stipulation to the jury that he had a prior battery conviction; next, that the trial court erred in finding sufficient evidence to adjudicate him of aggravated battery with a deadly weapon where in a jury interrogatory the jury found he had not possessed a firearm; and, fourth, that the trial court committed fundamental error by using an improper attempted voluntary manslaughter jury instruction.
We conclude that the trial court did not err in denying severance (issue one), the trial court did not err in reading the stipulation concerning Mr. Mueller’s prior battery conviction (issue two), and that there was sufficient evidence to convict Mr. Mueller as charged with aggravated battery with a deadly weapon (issue three). However, we reverse for retrial on the attempted second-degree murder count because of the defective instruction on attempted voluntary manslaughter.
Fundamental Error In Instructing The Jury On Attempted Voluntary Manslaughter
In instructing the jury on count one, which charged attempted first-degree murder of the alleged drug dealer victim, the trial court gave instructions on the lesser-included crimes of attempted second-degree murder, attempted voluntary manslaughter by act or by procurement, aggravated battery, and battery. The instruction on the lesser-included offense of attempted voluntary manslaughter stated:
The next lesser-included offense that will appear on your verdict form is called attempted voluntary manslaughter. To prove this crime, the State must prove the following elements beyond a reasonable doubt. Robert Mueller committed an act or procured the commission of an act which was intended to cause the death of [the victim] and would have resulted in the death of [the victim] except someone prevented Robert Mueller from killing [the victim] or he failed to do so.
However, the defendant cannot be guilty of attempted voluntary manslaughter if the attempted killing was either excusable or justifiable as I’ve previously explained those terms.
It is not an attempt to commit manslaughter if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of his criminal purpose.
*49 To procure means to persuade, induce, prevail upon, or cause a person to do something.
In order to convict of attempted voluntary manslaughter, it is not necessary for the State to prove the defendant had a premeditated intent to cause death.
(Emphasis added.) Mr. Mueller’s defense counsel did not object to the giving of this then-standard jury instruction.
Neither the trial court nor the parties at the time of Mr. Mueller’s trial in October 2009 had the benefit of the supreme court’s opinion in State v. Montgomery, 39 So.3d 252 (Fla.2010). The supreme court concluded that the instruction on manslaughter given in Montgomery, which parallels the one given at Mr. Mueller’s trial albeit for attempted voluntary manslaughter, was defective because the crime of manslaughter does not require that the State prove that the defendant intended to kill the victim. Id. at 254. The crime of manslaughter only requires that the defendant intended to do an act and that act resulted in the death of the victim. In Houston v. State, 87 So.3d 1 (Fla. 2d DCA 2011), this court followed Montgomery and applied its reasoning and holding to the lesser-included crime of attempted voluntary manslaughter. Precedent requires that we do the same for Mr. Mueller as we did in Houston, that is, reverse for a retrial on that count.
We reject the State’s argument that this case is distinguishable from Montgomery because the instruction here is for attempted voluntary manslaughter by act or procurement. The State, citing Taylor v. State, 444 So.2d 931 (Fla.1983), posits that the instruction for attempted voluntary manslaughter does not have the same fatal flaw as the standard instruction for manslaughter because “a verdict for attempted manslaughter can be rendered only if there is proof that the defendant had the requisite intent to commit an unlawful act.” Id. at 934. This court rejected this argument in Houston and said:
Nothing in this statutory scheme suggests that the crime of attempted manslaughter requires an intent to kill. See Bass v. State, 45 So.3d 970, 971 (Fla. 3d DCA 2010) (reviewing jury instruction on attempted voluntary manslaughter that included element that “defendant committed an act, which was intended to cause the death of [the victim]” and finding error, “based on Montgomery,” in the giving of that instruction[.]
87 So.3d at 2. But see Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010) (distinguishing Montgomery, 39 So.3d 252), review granted, 64 So.3d 1262 (Fla.2011).
The State also relies on Cubelo v. State, 41 So.3d 263 (Fla. 3d DCA 2010). Cúbelo is distinguishable on its facts because the jury there was also given an instruction that it could have found an alternative lesser-included crime of manslaughter by culpable negligence, unlike the jury in either Montgomery or in this case.[1] Thus, we conclude it does not support an affir-mance in this instance.
Based on Montgomery and Houston, we hold that there was fundamental error in giving the then-standard attempted voluntary manslaughter instruction at trial which was only one step removed from the crime of which the jury found Mr. Mueller guilty.[2] We reverse the convic *50 tion for attempted second-degree murder and remand for retrial. We affirm the convictions for aggravated battery and discharging a firearm in public.
Affirmed in part, reversed in part, and remanded for retrial. As we did in Houston, we also certify conflict with the Fourth District’s opinion in Williams.
SILBERMAN, C.J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.

. See 41 So.3d at 267-68; see also Curry v. State, 64 So.3d 152 (Fla. 2d DCA 2011); Pollock v. State, 64 So.3d 695 (Fla. 2d DCA 2011); Haygood v. State, 54 So.3d 1035 (Fla. 2d DCA), review granted, 61 So.3d 410 (Fla.2011).

. See also Del Valle v. State, 52 So.3d 16 (Fla. 2d DCA 2010) (finding ineffective assistance *50 of appellate counsel for failing to raise fundamental error based on Montgomery); Gonzalez v. State, 40 So.3d 60 (Fla. 2d DCA 2010) (following Montgomery).