DAVIS, Judge.
 

 William Patrick Brown, III, challenges his convictions and sentences for attempted second-degree murder, robbery with a firearm, and attempted robbery with a firearm. A jury convicted him, and the trial court sentenced him to thirty years’ imprisonment with a twenty-five-year minimum mandatory on the attempted murder, life with a twenty-five-year minimum mandatory on the robbery, and fifteen years with a ten-year minimum mandatory on the attempted robbery. In charging the jury on count one, the trial court gave the standard jury instruction on attempted manslaughter that this court already has
 
 *540
 
 concluded amounts to fundamental error under like circumstances.
 
 See Houston v. State,
 
 — So.3d -, 2011 WL 3518029 (Fla. 2d DCA 2011). We therefore reverse Brown’s conviction and sentence for attempted second-degree murder and remand for new trial on that count only. In all other respects, we affirm Brown’s judgments and sentences without further comment.
 

 Count one of the State’s information charged Brown with attempted first-degree murder. At trial, in conjunction with this count, the trial court instructed the jury on attempted first-degree murder, attempted second-degree murder, and attempted manslaughter by act. The standard attempted manslaughter by act jury instruction that the court read to the jury was as follows:
 

 Before you can find the Defendant guilty of attempted voluntary manslaughter as a lesser crime of attempted first-degree murder, the State must prove the following element beyond a reasonable doubt:
 

 William Patrick Brown, III, committed an act
 
 which was intended, to cause the death
 
 of Javier Mata and would have resulted in the death of Javier Mata except that someone prevented William Patrick Brown, III, from killing Javier Mata or he failed to do so.
 

 It is not an attempt to commit manslaughter if the Defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of his criminal purpose.
 

 In order to convict of attempted voluntary manslaughter, it is not necessary for the state to prove that the defendant had a premeditated intent to cause death.
 

 (Emphasis added.)
 

 This instruction is essentially the same instruction given in
 
 Houston,
 
 — So.3d at -. In that case, this court concluded “that the phrase ‘committed an act which was intended to cause the death of imper-missibly creates an intent-to-kill element in the crime of attempted manslaughter.”
 
 Id.
 
 at -. Applying the reasoning of
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), which dealt with the standard jury instructions for voluntary manslaughter given as a necessary lesser included offense of first-degree murder, this court concluded that the attempted voluntary manslaughter instruction given in
 
 Houston
 
 was fundamental error:
 

 The [Montgomery] court concluded that “because Montgomery’s conviction for second-degree murder was only one step removed from the necessarily lesser included offense of manslaughter ... fundamental error occurred ... which was per se reversible where the manslaughter instruction erroneously imposed upon the jury a requirement to find that Montgomery intended to kill [the victim].” Applying this analysis, the erroneous instruction here constitutes fundamental error.
 

 Id.
 
 at- (second alteration in original) (citation omitted) (quoting
 
 Montgomery,
 
 39 So.3d at 259).
 

 This same analysis is applicable here and likewise renders the giving of the instruction in this case to be fundamentally erroneous. We therefore reverse Brown’s conviction for attempted second-degree murder and remand for a new trial on that charge only.
 

 We do note that there is currently a split among the districts on this issue. The First and Third Districts have concluded, as we have, that the reasoning of
 
 *541
 

 Montgomery,
 
 39 So.3d 252, applies to the standard jury instruction on attempted manslaughter by act.
 
 See Bass v. State,
 
 45 So.3d 970, 971 (Fla. 3d DCA 2010);
 
 Lamb v. State,
 
 18 So.3d 734, 735 (Fla. 1st DCA 2009). However, the Fourth District does not read
 
 Montgomery
 
 to extend to the attempted offense.
 
 See Williams v. State,
 
 40 So.3d 72, 73-74 (Fla. 4th DCA 2010) (holding that the standard jury instruction on attempted manslaughter does not possess the same fatal flaw as the standard jury instruction on manslaughter),
 
 review granted,
 
 64 So.3d 1262 (Fla.2011). Therefore, as we did in
 
 Houston,
 
 we certify conflict with the Fourth District’s opinion in
 
 Williams.
 

 Affirmed in part, reversed in part, remanded for new trial, and question certified.
 

 NORTHCUTT and BLACK, JJ., Concur.