ALTENBERND, Judge.
 

 Eric Bazemore appeals his judgments and sentences arising from his involvement in a murder and an attempted murder. We reverse his judgment for attempted second-degree murder and remand that offense for a new trial. We affirm his judgments for accessory after the fact to first-degree murder and accessory after the fact to shooting into a vehicle. Because the reversal might affect Mr. Baze-more’s sentences on the two judgments that we affirm, we reverse all of the sentences.
 

 In September 2009, Mr. Bazemore drove his employer, William Privett, to the home of Eric Brewer. Shirley Sexton, Mr. Pri-vett’s former girlfriend, was a friend of Mr. Brewer’s wife and was living temporarily at the Brewers’ home. Mr. Baze-more pulled into the driveway behind a car occupied by Mr. Brewer and Ms. Sexton. Mr. Privett got out of the car, pulled out a handgun, and fired multiple shots at the two victims. Mr. Brewer died, and Ms. Sexton survived. After the shooting, Mr. Bazemore drove Mr. Privett from the scene.
 

 Mr. Privett contacted a lawyer shortly after this shooting and arranged to turn himself in to law enforcement. The investigation then led to Mr. Bazemore. He too had contacted a lawyer who initially told him to “lay low.” Thereafter, he was interviewed by a detective. After several interviews, Mr. Bazemore finally provided a location that allowed law enforcement to find the discarded murder weapon in a ditch alongside a road.
 

 This case was presented to a grand jury, and the grand jury returned an indictment against both men. It charged Mr. Baze-more in count I as a principal in the first-degree murder of Mr. Brewer and in count IV as an accessory after the fact to that same murder. It further charged him in count II as a principal in the attempted first-degree murder of Ms. Sexton and in count V as an accessory after the fact to that same attempted first-degree murder. Finally, in count VI, it charged him as an
 
 *830
 
 accessory after the fact to shooting into a vehicle.
 
 [1]
 

 The alternative offenses described in the indictment are based in part on Mr. Baze-more’s theory of defense. The primary issue at trial was whether Mr. Bazemore had enough knowledge and involvement in these events to be a principal to the offenses of murder and attempted murder. The defense theory was that Mr. Baze-more had no idea that Mr. Privett planned to shoot his victims and that Mr. Bazemore fled the scene with Mr. Privett because he was afraid of Mr. Privett.
 

 The State established a prima facie case of all five counts against Mr. Bazemore. Before the case was submitted to the jury, Mr. Bazemore asked for an instruction explaining to the jury that the theory of principal to a murder or attempted murder was mutually exclusive of the theory of accessory after the fact to these offenses. The trial court refused to give this instruction.
 

 The jury found Mr. Bazemore not guilty in count I for the first-degree murder of Mr. Brewer, but found him guilty in count IV as an accessory after the fact to this first-degree murder. It also found him guilty in count VI as an accessory after the fact to the shooting into the vehicle. We affirm the judgments based on the two guilty verdicts.
 

 In count II, the jury found Mr. Baze-more guilty of the lesser-included offense of attempted second-degree murder of Ms. Sexton. It also found him guilty in count V as an accessory after the fact to the same attempted second-degree murder. Thereafter, the trial court decided to sentence Mr. Bazemore only on the greater offense in count II. It declined to enter judgment or sentence on the related accessory charge in count V, describing that offense as “dismissed.”
 

 Mr. Bazemore has raised six issues and we will address three of them. First, the trial judge gave an instruction on attempted manslaughter that is virtually identical to the erroneous instruction in
 
 Houston v. State,
 
 — So.3d —, 2011 WL 3518029 (Fla. 2d DCA 2011),
 
 appeal dismissed, State v. Houston,
 
 73 So.3d 760 (Fla.2011).
 
 [2]
 
 Because the jury convicted Mr. Bazemore of attempted second-degree murder, this erroneous instruction on the next lesser offense requires that the conviction on this count be reversed and this count be remanded to the trial court for a new trial. We certify that our holding here, as in
 
 Houston,
 
 conflicts with the Fourth District’s holding in
 
 Williams v. State,
 
 40 So.3d 72 (Fla. 4th DCA 2010),
 
 cert. granted,
 
 64 So.3d 1262 (Fla.2011).
 

 Even if the attempted manslaughter instruction were not erroneous, we would still be required to reverse this conviction and remand for a new trial as to the attempted murder of Ms. Sexton. It is well established that a defendant cannot be convicted both as a principal to an offense and as an accessory after the fact for the same offense.
 
 Staten v. State,
 
 519 So.2d 622, 623 (Fla.1988);
 
 Bowen v. State,
 
 791 So.2d 44, 50 (Fla. 2d DCA 2001). Even though there is no standard instruction for this circumstance, Mr. Bazemore was entitled to an instruction explaining that the jury could convict him of only one of these offenses.
 

 There may be occasions when the trial court could select the greater offense for
 
 *831
 
 sentencing and omit sentencing on the lesser offense as occurred here. But in this case, the jury found Mr. Bazemore not guilty as a principal in the murder of Mr. Brewer. Notably, the verdict form did not identify the victims by name when describing each count. In examining this verdict, we cannot declare beyond a reasonable doubt that the jury’s inconsistent verdict is harmless and that the jury would have selected the greater offense over the lesser offense if forced to choose.
 
 See State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986).
 
 [3]
 

 Finally, during the trial, the court allowed the prosecutor to admit portions of Mr. Bazemore’s statement to the detective when he was interviewed. Over objection, the court allowed the State to include portions of the interview in which Mr. Baze-more explained that he had contacted an attorney and had been advised to “lay low.” The trial court was apparently persuaded by the State’s argument that these statements were evidence of consciousness of guilt.
 

 The Fourth District has held that the state cannot argue that a defendant’s request for a lawyer prior to arrest is evidence of consciousness of guilt.
 
 Dendy v. State,
 
 896 So.2d 800, 804 (Fla. 4th DCA 2005). Given all of the reasons to avoid the presentation of attorney-client discussions to the jury and in light of the questionable probative value of this “evidence,” the State primarily argues that this error was harmless beyond a reasonable doubt. As to the judgments that we affirm, we agree with that assessment. As to the judgment that we are reversing, we need not reach this issue. However, if we were not reversing the attempted second-degree murder judgment on other grounds, it would be a very close question as to whether this error required reversal. Suffice it to say that this evidence should not be reintroduced at any subsequent trial in this case.
 

 Affirmed in part, reversed in part, and remanded.
 

 NORTHCUTT and VTLLANTI, JJ., Concur.
 

 [1]
 

 . Count III dealt exclusively with Mr. Privett.
 

 [2]
 

 .
 
 See also Brown v. State,
 
 74 So.3d 539 (Fla. 2d DCA 2011);
 
 Brooks v. State,
 
 75 So.3d 756 (Fla. 2d DCA 2011);
 
 Mueller v. State,
 
 - So.3d -, 2011 WL 4104912 (Fla. 2d DCA 2011);
 
 but see Banek v. State,
 
 75 So.3d 762 (Fla. 2d DCA 2011).
 

 [3]
 

 . We have considered whether the errors requiring the reversal of the conviction for the attempted second-degree murder of Ms. Sexton could be cured by convicting Mr. Baze-more on the jury verdict for accessory after the fact to this offense. Given that this count was "dismissed,” we are unconvinced that we could require this remedy. We leave this issue for the parties to consider on remand.