ON MOTION FOR REHEARING, CERTIFICATION OF CONFLICT AND CLARIFICATION
FERNANDEZ, J.
We deny the motion for rehearing but withdraw the original opinion and substi *1166 tute this opinion in its place for purposes of clarification. We deny the motion for certification of conflict.
William .Skinner seeks habeas corpus relief on various grounds, one of which warrants reversal. We grant the petition and remand the cause for a new trial on the attempted manslaughter counts only because (1) the attempted manslaughter by act instruction read to the jury was the pre-Williams instruction[1] that the Florida Supreme Court determined to be per se fundamental error for which Skinner’s trial counsel raised no objection below, and because (2) Skinner’s appellate counsel failed to raise the issue on appeal.
A jury convicted Skinner of attempted second-degree murder with a firearm, one step removed from the lesser included offense of attempted manslaughter by act. It also convicted Skinner of burglary while armed with a firearm. Skinner filed a direct appeal, and this Court affirmed Skinner’s conviction and sentence.[2]
To grant habeas relief based on ineffective assistance of appellate counsel grounds, this Court must apply a two-prong analysis. First, the petitioner must show that the alleged omissions are of such magnitude as to constitute serious error or a substantial deficiency falling measurably outside the range of professionally acceptable performance. See Con-nor v. State, 979 So.2d 852, 869 (Fla.2007). Second, the.petitioner must show that the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result. Id.
This Court recognizes .that appellate counsel is not required to anticipate changes in the law, however “there are cases that hold that appellate counsel is ineffective for failing to raise favorable cases decided by other jurisdictions during the pendency of an appeal, which could result in a reversal.” Granberry v. State, 919 So.2d 699, 701 (Fla. 5th DCA 2006). See also Dill v. State, 79 So.3d 849, 851 (Fla. 5th DCA 2012); Lopez v. State, 68 So.3d 332, 334 (Fla. 5th DCA 2011). During the pendency of Skinner’s appeal in this Court, the issue of whether the Florida jury instruction on attempted manslaughter by act constituted fundamental error had not yet been decided. The Florida Supreme Court ultimately decided the issue on review of Lamb v. State, 18 So.3d 734 (Fla. 1st DCA 2009) and Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010), quashed, 123 So.3d 23 (Fla.2013), both of which were in direct conflict. The Florida Supreme Court approved the First District’s decision in Lamb, and quashed Williams. Williams, 40 So.3d at 72.
Skinner correctly argues that he is entitled to relief on the attempted manslaughter jury instruction issue. The trial court committed fundamental error when it gave the standard jury instruction on attempted manslaughter by act. See Williams v. State, 123 So.3d 23 (Fla.2013). Furthermore, Skinner’s appellate counsel’s performance was deficient because he failed to raise the jury instruction- issue and failed to provide this Court with notice of the conflict between the Florida District Courts of Appeal. Lopez, 68 So.3d at 334; Dill, 79 So.3d at 851. This constituted a serious error and a substantial deficiency that fell outside the range of professionally acceptable performance. Appellate counsel’s failure compromised the appellate process to such extent that it undermined this Court’s confidence in the correctness *1167 of this Court’s decision in Skinner’s direct appeal.
Skinner, however, is not entitled to a new trial on the burglary while armed with a firearm count. The law in Florida does not support a new trial on all counts, when reversal is based on ineffective assistance of appellate counsel. See Rangel v. State, 132 So.3d 844 (Fla. 2d DCA 2013); Evans v. State, 985 So.2d 1105 (Fla. 3d DCA 2007); Rogers v. State, 935 So.2d 639 (Fla. 1st DCA 2006). As such, Skinner only gets a new trial on the two attempted manslaughter counts.
We therefore grant Skinner’s petition for writ of habeas corpus on this basis, decline to address all other issues raised in the petition, and remand this case for a new trial with respect to the attempted manslaughter counts only.
Petition granted; case remanded.

. Williams v. State, 123 So.3d 23 (Fla.2013).

. Skinner v. State, 100 So.3d 192 (Fla. 3d DCA 2012).