DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*January Term 2014*

**WILSON PIERRE, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-638

[July 2, 2014]

Petition for writ of habeas corpus to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John Kastrenakes, Judge; L.T. Case No. 502007CF005269AXX.

Louis G. Carres, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Surber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Wilson Pierre, Jr., alleges that his appellate counsel was ineffective for failing to argue on appeal that the manslaughter jury instruction given to the jury constituted fundamental error pursuant to *State v. Montgomery*, 39 So. 3d 252, 259 (Fla. 2010). He also faults appellate counsel for failing to notify the court about favorable case law from other jurisdictions. We agree and grant the petition.

Pierre was charged with first-degree murder. The jury was instructed on the lesser included offenses of second-degree murder and manslaughter by intentional act. With respect to manslaughter as a lesser included offense, the court instructed the jury that the State had to prove that Pierre "intentionally caused" the victim's death. Later in the instruction, the court also stated that "it [was] not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death." This second provision was consistent with a 2008 amendment to the instruction for manslaughter by intentional act. *In re Standard Jury Instructions in*

*Criminal Cases-Report No. 2007–10*, 997 So. 2d 403 (Fla. 2008). The jury found Pierre guilty of second-degree murder as a lesser included offense and the judgment and sentence were affirmed on appeal. *See Pierre v. State*, 90 So. 3d 892 (Fla. 4th DCA 2012).

Pierre argues that this instruction violated *Montgomery*, which held that an instruction for manslaughter by act requiring proof of intent to kill was fundamentally erroneous. 39 So. 3d at 259. He faults counsel for failing to raise *Montgomery* on appeal and for failing to notify the court about *Riesel v. State*, 48 So. 3d 885 (Fla. 1st DCA 2010), in which the First District held that an instruction identical to the one in the instant case constituted fundamental error pursuant to *Montgomery*. Pierre also notes that this Court certified the question in *Williams v. State*, 40 So. 3d 72 (Fla. 4th DCA 2010), almost a year before his initial brief was filed.

The State counters that counsel is not required to anticipate changes in the law. For support, the State notes that at the time of Pierre's appeal, precedent from this Court established that an instruction consistent with the 2008 amendment was proper. *See Morgan v. State*, 42 So. 3d 862 (Fla. 4th DCA 2010), *quashed,* 134 So. 3d 449 (Fla. 2014).

The Third District recently addressed a similar issue in *Skinner v. State*, 137 So. 3d 1164 (Fla. 3d DCA 2014). The court noted that "'there are cases that hold that appellate counsel is ineffective for failing to raise favorable cases decided by other jurisdictions during the pendency of an appeal, which could result in a reversal.'" *Id.* at 1166 (quoting *Granberry v. State*, 919 So. 2d 699, 701 (Fla. 5th DCA 2006)); *see also Lopez v. State*, 68 So. 3d 332, 334 (Fla. 5th DCA 2011). In finding that Skinner's appellate counsel's performance was deficient, the court reasoned that he failed to raise the jury instruction issue and failed to provide the court with notice of conflicting case law from another district. *Skinner,* 137 So. 3d at 1166. The court found that these omissions constituted "a serious error and a substantial deficiency" which "compromised the appellate process to such extent that it undermined this Court's confidence" in the outcome of the direct appeal. *Id.* at 1166–67.

Because counsel's omissions in the instant case are analogous to those in *Skinner,* we agree that the appellate process was substantially compromised. Counsel was tasked with knowing that the instruction was being challenged and that the First District had reached a conflicting decision in *Riesel*. These issues should have been brought to our attention during the appeal. For these reasons, we grant Pierre's petition for writ of habeas corpus, vacate his conviction for second-degree murder, and remand for a new trial.

*Petition granted; case remanded.*

DAMOORGIAN, C.J., WARNER and STEVENSON, JJ., concur.

\*   \*   \*

**Not final until disposition of timely filed motion for rehearing.**