DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**JEVON HANTHONY WIMBERLY,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D12-2720

[September 3, 2014]

Petition alleging ineffective assistance of counsel to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 06-18716 CF10A.

Jevon Hanthony Wimberly, Crawfordville, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, Melvin G. Mosier and Matthew Ocksrider, Assistant Attorneys General, West Palm Beach, for respondent.

### ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

This case is on remand following the Florida Supreme Court's January 24, 2014 order in case number SC12-2330. The Supreme Court has quashed our order denying the petition in this case and remanded for reconsideration upon application of *Williams v. State*, 123 So. 3d 23 (Fla. 2013).

We grant the petition and conclude that appellate counsel was ineffective in failing to argue fundamental error in the jury instruction that was given for the lesser offense of attempted voluntary manslaughter.[1]

---

[1] At the time of petitioner's direct appeal from his attempted second-degree murder conviction, the First District had certified the question regarding the fundamental error in the standard voluntary manslaughter jury instruction. *Montgomery v. State*, 70 So. 3d 603, 608 (Fla. 1st DCA 2009). Petitioner's counsel

*Pierce v. State*, 121 So. 3d 1091, 1093 (Fla. 5th DCA 2013) ("Although appellate counsel is not necessarily required to anticipate changes in the law . . . numerous cases have held appellate counsel ineffective for failing to raise favorable cases decided by other jurisdictions during the pendency of an appeal that could result in reversal.") (citation omitted); *see also Pierre v. State*, 39 Fla. L. Weekly D1369 (Fla. 4th DCA July 2, 2014); *Skinner v. State*, 137 So. 3d 1164, 1166 (Fla. 3d DCA 2014) (granting relief in similar situations).

Petitioner was convicted of attempted second-degree murder which was only one step removed from the erroneous instruction on the lesser offense of attempted voluntary manslaughter. We do not agree with the State's argument that the issue of intent was not disputed. Although petitioner argued misidentification at trial, he did not concede the intent with which the shooting was committed. Petitioner was charged with attempted first-degree murder but convicted of a lesser offense. Intent was a disputed issue at trial, and the erroneous instruction was pertinent to an issue that the jury had to consider in order to convict. *Cf. Stewart v. State*, 420 So. 2d 862, 863 (Fla. 1982) (finding no fundamental error in the failure to instruct on the specific intent element for robbery because defendant admitted taking the property).

Because a new appeal would be redundant, we vacate the conviction for attempted second degree murder and remand for a new trial.

WARNER, STEVENSON and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

could have raised the issue which had already been extended to the attempted voluntary manslaughter instruction by *Lamb v. State*, 18 So. 3d 734, 735 (Fla. 1st DCA 2009). We did not issue our opinion certifying conflict with *Lamb* until after we affirmed the conviction in petitioner's case. *Williams v. State*, 40 So. 3d 72, 76 (Fla. 4th DCA 2010).