# Third District Court of Appeal

## State of Florida

Opinion filed November 26, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-1062
Lower Tribunal No. 07-43739
_____

**Felix Molina,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction-Habeas Corpus.

Carlos J. Martinez, Public Defender, and James Moody, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Jay E. Silver, Assistant Attorney General, for respondent.

Before LAGOA, SALTER, and SCALES, JJ.

ON PETITION FOR WRIT OF HABEAS CORPUS

LAGOA, J.

Petitioner Felix Molina ("Molina"), petitions this Court for a writ of habeas corpus alleging ineffective assistance of appellate counsel pursuant to Florida Rule of Appellate Procedure 9.141(d). While Molina seeks habeas corpus relief on various grounds, we specifically address one. Molina asserts that appellate counsel was ineffective for failing to bring State v. Montgomery, 39 So. 3d 252 (Fla. 2010), to this Court's attention on direct appeal and that a new trial is warranted, as the trial court committed fundamental error by giving the jury the same erroneous instruction for manslaughter by act as those given in Montgomery. We agree. Because we find that Molina's appellate counsel failed to provide effective assistance with respect to the erroneous instruction for manslaughter by act, we grant the petition and remand this case for a new trial before a new judge.[1]

---

[1] Although we are remanding this case for a new trial based on the erroneous manslaughter by act jury instruction, we find it necessary to address another issue raised by Molina. In his petition, Molina argues that his due process rights were violated when the trial judge impermissibly considered his refusal to admit guilt and his alleged lack of remorse in imposing sentence. We agree with Molina that the judge's remarks at sentencing leave no doubt that the trial court considered Molina's claim of innocence as a factor in determining the sentence and that this constitutes fundamental error. See Johnson v. State, 948 So. 2d 1014 (Fla. 3d DCA 2007); Jackson v. State, 39 So. 3d 427 (Fla. 1st DCA 2010); Bracero v. State, 10 So. 3d 664 (Fla. 2d DCA 2009). We also agree that appellate counsel was ineffective for failing to raise this issue to this Court. See Whitmore v. State, 27 So. 3d 168 (Fla. 4th DCA 2010); Ritter v. State, 885 So. 2d 413 (Fla. 1st DCA 2004). Accordingly, we direct that Molina be retried before a different judge.

I.  FACTUAL AND PROCEDURAL HISTORY

On January 8, 2008, Petitioner Felix Molina was charged by information with second-degree murder with a deadly weapon for shooting Jesse Reyes with a firearm on December 7, 2007.  At Molina's trial, the jury was instructed on manslaughter by act as a lesser included offense of second-degree murder and received, without objection, the following 2008 interim standard jury instruction on manslaughter by act:

> In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death.

See In re Standard Jury Instructions in Criminal Cases-Report No. 2007-10, 997 So. 2d 403 (Fla. 2008).  In addition to this instruction, the trial court also provided the jury with instructions on aggravated battery with a deadly weapon.

The jury found Molina guilty of second-degree murder with discharge of a firearm, a crime one step removed from the lesser included offense of manslaughter by act.  On August 29, 2009, the trial court sentenced Molina to a term of life with a 25-year minimum mandatory sentence, and this Court affirmed in Molina v. State, 79 So. 3d 33 (Fla. 3d DCA 2012) (table).  The mandate issued on February 24, 2012.

In November 2012, Molina filed a Motion for Post-Conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  The trial court denied the

3

motion and this Court affirmed in Molina v. State, 124 So. 3d 931 (Fla. 3d DCA 2013) (table). In March 2013, Molina filed a pro se petition for writ of habeas corpus alleging ineffective assistance of appellate counsel and this petition ensued.

II.     STANDARD OF REVIEW

The standard applicable to a claim of ineffective assistance of appellate counsel raised in a habeas petition mirrors the standard for trial counsel ineffectiveness established in Strickland v. Washington, 466 U.S. 668 (1984). Cupon v. State, 833 So. 2d 302, 304 (Fla. 1st DCA 2002). In order to grant Molina habeas relief on these grounds, this Court must apply a two-prong analysis:

> First, the petitioner must show that the alleged omissions are of such magnitude as to constitute serious error or a substantial deficiency falling measurably outside the range of professionally acceptable performance. See Connor v. State, 979 So. 2d 852, 869 (Fla. 2007). Second, the petitioner must show that the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result. Id.

Skinner v. State, 137 So. 3d 1164, 1166 (Fla. 3d DCA 2014). As such, Molina must demonstrate that appellate counsel's performance was deficient, and that the deficiency resulted in prejudice to the Molina. See Cupon, 833 So. 2d at 304. Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

4

III.   ANALYSIS

While the language of the 2008 interim standard jury instruction on manslaughter by act given at Molina's trial differs from the jury instruction at issue in Montgomery, the Florida Supreme Court recently found that the 2008 interim instructions similarly failed to instruct the jury on the elements of the crime of manslaughter by act.  Daniels v. State, 121 So. 3d 409, 419 (Fla. 2013) (finding that the "2008 jury instruction on manslaughter by act suffer[ed] from the same infirmity that [the] Court found erroneous in Montgomery").  Although the Florida Supreme Court's opinion in Daniels had not been issued at the time of Molina's direct appeal, the First District's opinion in Riesel v. State, 48 So. 3d 885 (Fla. 1st DCA 2010), which the Florida Supreme Court affirmed in Daniels, was available to Molina's appellate counsel at the time of the appeal.  Significantly, we note that Montgomery was issued the year before Molina's counsel filed the direct appeal, and that counsel failed to raise the issue of the erroneous instruction in that appeal.  As we recently stated in Skinner:

> This Court recognizes that appellate counsel is not required to anticipate changes in the law, however "there are cases that hold that appellate counsel is ineffective for failing to raise favorable cases decided by other jurisdictions during the pendency of an appeal, which could result in a reversal."

5

Skinner, 137 So. 3d at 1166 (quoting Granberry v. State, 919 So. 2d 699, 701 (Fla. 5th DCA 2006)). Had appellate counsel raised the issue, this Court would have, at a minimum, affirmed and certified conflict with the First District's decision in Riesel, thus ultimately affording Molina relief through the direct appeals process. See Figueroa v. State, 77 So. 3d 714 (Fla. 3d DCA 2011), quashed, 137 So. 3d 1019 (Fla. 2014) (table); Page v. State, 81 So. 3d 525 (Fla. 3d DCA 2012), quashed, 137 So. 3d 1021 (Fla. 2014).

The State acknowledges the manslaughter jury instruction given at Molina's trial was erroneous, but argues that because a proper instruction was given for aggravated battery with a deadly weapon, the jury had the opportunity to find Molina guilty of a lesser included offense to second-degree murder—an option the jury in both Montgomery and Daniels did not have. Consequently, the State contends that to the extent there was error in Molina's trial regarding the jury instructions, the error was not fundamental. To support its proposition, the State argues by analogy that when a trial court gives an erroneous manslaughter by act instruction as a lesser included offense, no fundamental error occurs when the trial court also gives an instruction on manslaughter by culpable negligence; therefore, because the trial court here instructed the jury on the lesser included offense of aggravated battery, giving the erroneous instruction for manslaughter by act did not constitute fundamental error.

6

We find the State's argument unpersuasive given the explicit language used by the Florida Supreme Court in Haygood v. State, 109 So. 3d 735 (Fla. 2013). The Court in Haygood specifically stated:

> This decision is not based on the jury pardon doctrine and is not hinged on the right of the jury to issue a jury pardon despite the evidence. This decision is firmly founded on the longstanding principle that a defendant is entitled to have the jury correctly instructed on the crime charged and the lesser included offenses. As we have explained, where the erroneous instruction pertains to an element that is material to the jury's deliberation and is in dispute, fundamental error occurs, as our precedent indicates, if that offense is one step removed from the crime for which the defendant is convicted. In this case, the erroneously instructed element was placed in dispute by the evidence; thus there was a basis on which the jury could find that the lesser included offense was proven.

Haygood, 109 So. 3d at 742; see also Williams v. State, 123 So. 3d 23, 27 (Fla. 2013) ("[A] trial court commits fundamental error in giving the standard jury instruction on attempted manslaughter by act where the defendant is convicted of a crime no more than one step removed from the improperly instructed offense."). Thus, under Haygood, where there are more than one lesser included offenses that are no more than one step removed from the crime for which the defendant is convicted, a trial court's correct instruction on one does not cure or render harmless an erroneous instruction on another.

Furthermore, our sister court recently rejected a nearly identical argument in Hill v. State, 124 So. 3d 296 (Fla. 2d DCA 2013). In Hill, the trial court instructed the jury on the lesser included offenses of attempted second-degree murder,

attempted manslaughter by act, aggravated battery, and battery. Id. at 298. The State similarly argued that "'the jury was provided with 4 viable lesser included offenses besides the charged attempted first degree murder. Even removing attempted . . . manslaughter [by act] from the mix, the jury still had 3 applicable lesser included offenses with proper jury instructions.'" Id. Relying on the Florida Supreme Court's decision in Haygood, the Second District explained that although the evidence was sufficient to sustain the jury's verdict for attempted second-degree murder, defendant Hill was entitled to a new trial "'to enable the jury to determine what degree of crime . . . [was] proven.'" Id. at 301 (quoting Haygood, 109 So. 3d at 743); see also Daniels, 121 So. 3d at 415 ("[I]f the jury is not properly instructed on the next lower crime, then it is impossible to determine whether, having been properly instructed, it would have found the defendant guilty of the next lesser offense." (quoting Montgomery, 39 So. 3d at 259)). The Court in Hill found that "the trial court fundamentally erred in this case when it improperly instructed the jury on attempted manslaughter by act . . . ." Hill, 124 So. 3d at 302.

IV.   CONCLUSION

Based on the foregoing, we find that the trial court committed fundamental error when it gave the 2008 interim standard jury instruction on manslaughter by act, and Molina is entitled to relief on the manslaughter jury instruction issue. See Daniels, 121 So. 3d at 418 (explaining that fundamental error occurs "where the

8

trial court fails to correctly instruct on an element of the crime over which there is dispute, and that element is both pertinent and material to what the jury must consider in order to decide if the defendant is guilty of the crime charged or any of its lesser included offenses").  Moreover, we find that Molina's appellate counsel rendered ineffective assistance in failing to raise the jury instruction issue on appeal and in failing to provide this Court with notice of both the Montgomery and Riesel decisions.  See Skinner, 137 So. 3d at 1166; Lopez v. State, 68 So. 3d 332, 334 (Fla. 5th DCA 2011); Dill v. State, 79 So. 3d 849, 851 (Fla. 5th DCA 2012).  "This constituted a serious error and a substantial deficiency that fell outside the range of professionally acceptable performance" so as to "compromise[] the appellate process . . . ."  Skinner, 137 So. 3d at 1166; see also Downs v. Moore, 801 So. 2d 906, 909-10 (Fla. 2001) ("[T]he deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.").  We, therefore, grant Molina's petition for writ of habeas corpus on this basis, and remand for a new trial before a different judge.