NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEANTHONY E. MIKE,                     )
                                       )
            Appellant,                 )
                                       )
v.                                     )          Case No. 2D14-4538
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____    )

Opinion filed April 15, 2016.

Appeal from the Circuit Court for Polk
County; Reinaldo Ojeda, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.


CASANUEVA, Judge.

            Deanthony E. Mike appeals his judgments and sentences for attempted

second-degree murder, aggravated assault with a firearm, and discharging a firearm

from a vehicle. We are required to reverse because the trial court committed fundamental error in instructing the jury on attempted manslaughter.[1]

"[A] trial court commits fundamental error in giving the standard jury instruction on attempted manslaughter by act where the defendant is convicted of a crime no more than one step removed from the improperly instructed offense." Williams v. State, 123 So. 3d 23, 27 (Fla. 2013). Mr. Mike was convicted of attempted second-degree murder, a crime one step removed from attempted manslaughter. The trial court's instruction to the jury on attempted manslaughter told the jury that the State had to prove beyond a reasonable doubt that Mr. Mike "committed an act which was intended to cause the death of" Mr. Smith. In Williams, 123 So. 3d at 25, the supreme court held that this instruction was fundamental error. See also Griffin v. State, 160 So. 3d 63 (Fla. 2015); Hill v. State, 124 So. 3d 296 (Fla. 2d DCA 2013). Accordingly, Mr. Mike's judgment and sentence for second-degree murder is reversed and remanded for a new trial. His judgments and sentences for aggravated assault with a firearm and discharging a firearm from a vehicle are affirmed.

Affirmed in part, reversed in part, and remanded.


LaROSE and SLEET, JJ., Concur.

---

[1]We do not address the other issues Mr. Mike raises as it is unnecessary to the resolution of this appeal.